510

Albert Ayre et al., Appellants *v.* The Mountaintop Area Joint Sanitary Authority et al., Appellees.

Albert Ayre et al., Appellants *v.* The Mountaintop Area Joint Sanitary Authority et al., Appellees.

Argued March 6, 1981, before Judges BLATT, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*John L. McDonald,* with him *Erik N. Dingle,* for appellants.

*Joseph P. Mellody, Jr.,* with him *Joseph A. Quinn, Jr., Hourigan, Kluger & Spohrer Associates,* for appellees.

OPINION BY JUDGE CRAIG, April 14, 1981:

Albert Ayre and ten other property owners (appellants) seek review of an order of the Court of Common Pleas of Luzerne County which sustained preliminary objections of The Mountaintop Area Joint Sanitary Authority (authority), to appellants' class action complaint, dismissing certain counts of the complaint because of laches, and granting appellants thirty days to file an amended complaint with respect to the other counts.

Appellants filed the class action complaint on February 20, 1980, seeking equitable and monetary relief from the authority and seven individual defendants—members of the authority at the time of the averments made in the complaint.

Claiming representation of 876 property owners in Wright Township, appellants alleged that the authority and its members had engaged in illegal, false and misleading practices with respect to construction, contracting, financing and assessments for a sewer system.

The authority filed extensive preliminary objections to the class action complaint in the nature of a motion to strike, laches, demurrer, a motion for more

specific pleadings and pleading appellants' lack of capacity to sue.

From the court's action in favor of the authority, as noted above, appellants appealed to this court on July 25, 1980; the authority filed a motion to quash on the ground that the order was interlocutory and unappealable. By memorandum and order of August 13, 1980, Judge MENCER held part of the lower court's order, dismissing the four counts of the complaint on the basis of laches, to be final and appealable; he granted the motion as to the remainder of the order, which he held was interlocutory.

Appellants did not file an amended complaint within the time limit; they decided to stand on their original complaint and filed a praecipe for judgment on August 4 directing the prothonotary to dismiss their complaint with prejudice. On August 14, they appealed that judgment to this court.

The two appeals now before us are: No. 1776 C.D. 1980, in which appellants seek review of the court's decision dismissing four counts of the complaint because of laches; and No. 1948 C.D. 1980, in which appellants question that part of the court's order which sustained the authority's preliminary objections to the remainder of the complaint (the order having become appealable by virtue of appellants' own request for dismissal). We discuss the appeals in that order.

### No. 1776 C.D. 1980

We affirm Judge DAVIS' dismissal of counts A, B, C and G of appellants' complaint because of the doctrine of laches.

The doctrine of laches bars relief in equity when a party has ''disentitled himself to the unusual remedies equity affords by his delay. . . . [L]aches may be successfully asserted only where there is a delay and injury or material prejudice has resulted to the

defendant because of the delay.'' *Martin v. Adams County Area Vocational Technical School Authority,* 11 Pa. Commonwealth Ct. 292, 313 A.2d 785 (1973).

The lower court was correct in concluding that appellants could have raised their claims sooner, and that serious financial consequences would arise if it allowed appellants to seek the relief prayed for under those averments.

Several factors buttress this decision: the four counts are based on transactions and documents dating from 1974 and 1977; since at least 1977, the appellants have been aware of the actions giving rise to their 1980 complaint as evidenced by an earlier common pleas court decision which referred to the claims; the sewer system construction has been completed; and finally, appellants' complaint attacks complicated financial transactions which preceded the construction.

### No. 1948 C.D. 1980

The authority has filed a motion to quash this appeal on the ground that our court has no jurisdiction; they contend that appellants' praecipe to dismiss their own complaint with prejudice did not alter the interlocutory status of the lower court order, but rather, served to terminate the action.

Far from depriving us of jurisdiction, appellants' action was required to establish an appealable order. Rule 301 of the Rules of Appellate Procedure, outlining requisites for an appealable order, states:

(c) Orders not appealable. A direction by the lower court that a specified judgment, sentence or other order shall be entered, unaccompanied by actual entry of the specified order in the docket . . . does not constitute an appealable order. *Any such order shall be reduced to judgment and docketed before an appeal is taken.*

(d) Reduction of a decision to judgment. Subject to any inconsistent general rule applicable to particular classes of matters, *the clerk of the lower court shall on praecipe of any party* (except a party who by law may not praecipe for entry of an adverse order)[1] forthwith prepare, sign and enter an appropriate order evidencing any action from which an appeal lies either as of right or upon permission to appeal or allowance of appeal. (Emphasis added.)

The order in question clearly fits within the terms of that rule; it did not provide for entry of judgment, but only stated "[i]f an amended complaint is not filed, the complaint will be dismissed with prejudice." The appellants, in order to appeal the decision as to their original, unamended complaint, could only escape this legal limbo by moving to reduce the order to judgment.[2] Accordingly, the authority's motion to quash is denied.

On the merits of the appeal, appellants argue that the authority's motion to strike, motion for a more specific pleading, and demurrer are not sustainable.

After conducting an extensive, detailed examination and analysis of the averments in appellants' complaint, Judge Davis sustained the authority's demurrer and held that the complaint, other than those counts barred by laches, failed to allege facts which would provide a cause of action.

Our study of the complaint confirms the court's decision. A demurrer in effect says that even if the

---

[1] As explained in the notes following the section, this exception has no application to the appellant.

[2] *See* Pa. R.C.P. No. 1039, which states that where a court "grants or denies relief, but does not itself enter judgment or order the prothonotary to do so," a party may praecipe for judgment and the prothonotary "shall enter judgment."

facts set forth are true, they do not constitute a legal claim. *See* Goodrich-Amram 2d §1017(b):11, *Bruhin v. Commonwealth*, 14 Pa. Commonwealth Ct. 300, 320 A.2d 907 (1974). Appellants fail to allege even the facts to support their conclusions of illegality and fraud; where facts are alleged, they do not support the conclusions averred.

Judge DAVIS described the complaint as "confusing," and stated:

> It is as if plaintiffs threw into their legal 'stew' every possible ingredient without regard to whether they would enhance or hinder the cuisine. This Court will not act as chef of this concoction and attempt to pick out those items which are unnecessary and leave in those which are. We will not make a cause of action for plaintiffs, picking something from here, dropping another from there, incorporating this, assuming that.

No. 569-C of 1980, July 1, 1980

We affirm the order sustaining the demurrer as to fourteen counts of the complaint. Because the authority's preliminary objections in the nature of a demurrer and laches resulted in the dismissal of all the averments, we need not address the remainder of appellants' allegations.

Accordingly, we affirm.

## ORDER

AND Now, April 14, 1981, the order of the Court of Common Pleas of Luzerne County, No. 569-C of 1980, and judgment thereon, are affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.