MOTLEY CREW, LLC, a Law Firm, Joseph R. Reisinger Esquire, LLC, and Joseph R. Reisinger, Appellants

v.

BONNER CHEVROLET CO., INC., Paul R. Mancia, D.D.S., Richard F. Crossin, General Motors Company, Thomas N. Crossin and James Miller, Appellees.

Superior Court of Pennsylvania.

Argued Feb. 26, 2014.

Filed May 13, 2014.

Reargument Denied July 15, 2014.

Joseph R. Reisinger, Larksville, for appellants.

John J. Gill, Jr., Kingston, for Bonner Chevrolet and Crossin, appellees.

BEFORE: GANTMAN, P.J., DONOHUE, and STABILE, JJ.

OPINION BY STABILE, J.:

Appellants/plaintiffs Motley Crew, LLC, A Law Firm, Joseph R. Reisinger Esquire, LLC, and Joseph R. Reisinger (Appel-

lants) appeal from an order of the Court of Common Pleas of Luzerne County (trial court), which granted Appellees/defendants Richard F. Crossin, Thomas N. Crossin, and Bonner Chevrolet's (Appellees) petition to open default judgment.[1] For the reasons set forth below, we quash this appeal.

■ On May 2, 2012, Appellants filed a complaint against Appellees in the trial court, raising causes of action for, *inter alia*, fraud and conspiracy.[2] Following Appellants' issuance of a notice to Appellees pursuant to Pa.R.C.P.No. 237.1(a)(2), on June 19, 2012, Appellants filed a praecipe for entry of default judgment in the amount of $800,670.00. On June 22, 2012, Appellees petitioned the trial court to open the default judgment under Pa.R.C.P.No. 237.3, attaching thereto a proposed answer and new matter in response to Appellants' complaint. On February 20, 2013, the trial court granted Appellees' petition to open

default judgment, concluding that it was timely and set forth a meritorious defense. On March 18, 2013, Appellants appealed to this Court. On the same day, Appellants also filed a praecipe to discontinue their case with prejudice as to all defendants under Pa.R.C.P.No. 229.[3]

On appeal, Appellants essentially argue that the trial court erred in granting Appellees' petition to open judgment because Appellees' proposed answer failed to state a meritorious defense.

Because of the manner by which Appellants have come to this Court, we first need to address whether we have jurisdiction to entertain this appeal. The undisputed facts of this case demonstrate that Appellants discontinued with prejudice their underlying action—in which the trial court had issued an interlocutory order—against all defendants (including Appellees).[4] In response to an order from this Court to show cause why this appeal

---

1. The complaint also named as defendants Paul R. Mancia, D.D.S., General Motors Company, and James Miller.

2. The underlying facts are not relevant for the disposition of this appeal.

3. Rule 229 provides in relevant part:
   (a) A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial.
   (b)(1) Except as otherwise provided in subdivision (b)(2), a discontinuance *may not be entered as to less than all defendants except upon the written consent of all parties or leave of court after notice to all parties.*
   . . . .
   (c) The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice.
   Pa.R.C.P.No. 229 (emphasis added).

4. Under Pennsylvania law an appeal may be taken as of right from any final order of a lower court. Pa.R.A.P. 341. Rule 341(b) provides that a "final order" is any order

that: (1) disposes of all claims and of all parties; (2) is expressly defined as a final order by statute; or (3) is entered as a final order pursuant to Pa.R.A.P. 341(c). Rule 341(c) provides that:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims or parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case.

Pa.R.A.P. 341(c). When such a determination is made under Rule 341(c), an order becomes appealable when entered. *Id.* In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims or parties shall not constitute a final order. *Id.*

Indeed, it is well-settled that an appeal from a trial court's order granting a petition to open judgment is interlocutory. *See Hagel v. United Lawn Mower Sales & Serv., Inc.*, 439 Pa.Super. 35, 653 A.2d 17, 20 (1995); *accord Highway Equip. Co. v. Hamlin Coal Co.*, 230

should not be quashed, Appellants indicated they filed a discontinuance praecipe to terminate all claims against all parties so as to render "final" the trial court's February 20, 2013 order. By doing so, Appellants contend that their action produced a "final" appealable order, as required under Pa.R.A.P. 341(b), which defines a final order, in part, as any order that "disposes of all claims and of all parties." Appellants believe that they can render final for purposes of appeal an otherwise interlocutory order—in this case, the trial court's order granting Appellees' petition to open default judgment—by simply discontinuing their underlying action. We disagree.

■ The general effect of a discontinuance is to terminate the action without an adjudication of the merits and to place the plaintiff in the same position as if the action had never been instituted. *See* 1 Goodrich–Amram 2d § 229:4; *see also Williams Studio Div. of Photography by Tallas, Inc. v. Nationwide Mut. Fire Ins. Co.*, 380 Pa.Super. 1, 550 A.2d 1333, 1335 (1988) (noting in case of a voluntary nonsuit, dismissal without prejudice operates to leave the parties as if no action had been brought at all). Hence, when an action is discontinued, there no longer is an action pending before the trial court. It is self-evident that if there is no action pending before a court, there is no matter over which a court can or may exert jurisdiction. The fact that a discontinuance operates to nullify an action as if it was never initiated is further supported by Pa. R.C.P.No. 231(a), which provides "[a]fter a discontinuance ... the plaintiff may commence a second action upon the same

cause of action. . . ." Rule 231(a) speaks in terms of a second or new action and not the continuation or revival of the action discontinued. *Id.* Appellants wrongfully equate the effect of entering a discontinuance of an action with the entry of a final order from which an appeal may be taken.

■ Moreover, Appellants' discontinuance of their action rendered it moot, because there no longer was an actual case or controversy pending either before the trial court or now before this Court. " '[A]n actual case or controversy must be extant at all stages of review, not merely at the time the complaint is filed.' " *Harris v. Rendell,* 982 A.2d 1030, 1035 (Pa. Cmwlth.2009) (citing *Pub. Defender's Office of Venango County v. Venango County Court of Common Pleas,* 586 Pa. 317, 893 A.2d 1275, 1279 (2006)). Quite simply, Appellants, by discontinuing their action immediately prior to filing their appeal in this Court, deprived this Court of jurisdiction to hear the issues complained of in their appeal. Because no action is pending from which an appeal of an order can be heard, this Court is without jurisdiction to hear Appellants claims. Appellants rendered their action moot. This appeal, therefore, must be quashed. To do otherwise and permit the Appellants, or any party, to convert an otherwise interlocutory order into a final order by the mere filing of a discontinuance praecipe would render meaningless the appellate jurisdiction of our courts and all rules that require that appeals only be taken from final orders of a trial court.[5] Moreover, should this Court hear an appeal from an order in a case that has been discontinued below, it

---

Pa.Super. 311, 326 A.2d 570, 573 (1974). We note that the comment to Pa.R.A.P. 311, relating to interlocutory appeals as of right, provides that "the 1989 amendment ... eliminated interlocutory appeals of right from orders *opening,* vacating, or striking off a judgment while retaining the right of appeal from an

order refusing to take any such action." (Emphasis added). Here, the parties do not challenge or dispute the interlocutory nature of the trial court's order granting Appellees' petition to open judgment.

5.  Our decision here does not affect the proper use of a praecipe to voluntarily discontinue

would be impossible to remand the matter back to the trial court for further proceedings when there is no action in the trial court.

Appellants, nonetheless, relying on *Hionis v. Concord Twp.*, 973 A.2d 1030 (Pa.Cmwlth.2009), and *Ayre v. Mountaintop Area Joint Sanitary Auth.*, 58 Pa. Cmwlth. 510, 427 A.2d 1294 (1981), argue that their praecipe to discontinue with prejudice their action as to all defendants rendered final and appealable the trial court's order granting Appellees' petition to open judgment. Preliminarily, we note that these cases are Commonwealth Court decisions, which are not binding on us. *See Valley Med. Facilities, Inc. v. Pennsylvania Prop. & Cas. Ins. Guar. Ass'n*, 902 A.2d 547, 551 (Pa.Super.2006); *see also Yoder v. Am. Travellers Life Ins. Co.*, 814 A.2d 229, 232 (Pa.Super.2002) (noting that " '[a]lthough we frequently turn to the wisdom of our colleagues on the Commonwealth Court for guidance, the decisions of that court are not binding on this Court' "), *appeal denied*, 573 Pa. 673, 821 A.2d 588 (2003). To the extent these cases allow an appeal of a trial court order after an action has been discontinued, we disagree with them. Nevertheless, to the extent these cases possess any persuasiveness, we find them distinguishable from the instant matter.

■ In *Hionis*, the appellant appealed from an order of the trial court which sustained appellees' preliminary objections and granted appellant twenty days to file an amended complaint. *Hionis*, 973 A.2d at 1031. The Commonwealth Court quashed the appeal on the basis that it was taken from an interlocutory order. *Id.* at 1036. In so doing, the court noted that the appellant could have rendered the trial court's order final by filing a praecipe to discontinue with prejudice the underlying matter as to all parties to pursue the legal theories set forth in its original complaint, when the filing of "[a]n amended complaint has the effect of *eliminating* the [original] complaint." *Id.* (emphasis added). Thus, the Commonwealth Court's reasoning in *Hionis* was limited to a plaintiff's ability to pursue legal claims set forth in an original complaint, which would be lost by the filing of an amended complaint. As the court explained:

> [A] plaintiff who amends his complaint loses the ability to pursue his initial legal theory or to obtain appellate review of the trial court's dismissal of the pre-amended complaint. For example, a complaint may assert a tort claim, and the trial court may strike the complaint with leave to file an amended complaint that sounds in assumpsit. The plaintiff may believe the trial court has erred and wish to pursue a tort claim exclusively.

*Id.*

In *Ayre*, the appellants also appealed from a trial court's order sustaining the

---

less than all parties or claims so that an interlocutory order as to any remaining claims or parties not discontinued may be rendered final for appeal purposes. *See Riggio v. Burns*, 711 A.2d 497 (Pa.Super.1998), *appeal dismissed*, 559 Pa. 108, 739 A.2d 161 (1999) (interlocutory order granting summary judgment as to seven of nine counts was made final by a praecipe to discontinue remaining two counts); *Glenn v. Horan*, 765 A.2d 426, n. 1 (Pa.Cmwlth.2001) (order granting preliminary objections and dismissing complaint as to one defendant was interlocutory at the time it was entered, but became a final, appealable order when plaintiff entered its "Praecipe to Settle, Discontinue, and End" as to all other defendants). A voluntarily discontinuance as to all parties and claims leaves no action pending before the trial court, whereas a voluntarily discontinuance as to less than all parties and claims leaves those remaining claims and parties subject to a court's jurisdiction and permits appeals from orders affecting those remaining claims and parties.

appellees' preliminary objections and granting the appellants thirty days to file an amended complaint. *Ayre*, 427 A.2d at 1295. Unlike the appellant in *Hionis*, however, to render the trial court's order final, the appellants in *Ayre* filed a praecipe to discontinue with prejudice the underlying action. *Id.* at 1296. On appeal the appellees filed a motion to quash, arguing that the appellants' appeal was interlocutory. *Id.* at 1297. The Commonwealth Court disagreed. *Id.* In denying the appellees' motion to quash, the Commonwealth Court concluded the appellants could only appeal the trial court's decision as to their original, unamended complaint by filing a praecipe to discontinue the action, which they did. *Id.* In other words, the filing of the praecipe to discontinue ensured that the appellants could preserve legal theories raised in their original complaint, which otherwise would have become a nullity by the filing an amended complaint.[6]

Appellants' case is distinguishable from *Hionis* and *Ayre*, because Appellants are not seeking to preserve legal theories raised in their original complaint that are at risk of being lost or becoming a nullity by the filing of an amended complaint. On the contrary, Appellants merely seek to challenge a trial court's order granting Appellees' petition to open judgment. Appellants were not at risk of losing or rendering their complaint a nullity by the trial court order opening the default judgment and permitting the defendants to file their answer. Unless a trial court's order prevents a plaintiff from pursing or losing a legal theory raised in a complaint by the filing of an amended complaint, the holdings in *Hionis* and *Ayre* do not support the use of Rule 229 to render an interlocutory order final. Appellants' praecipe to discontinue with prejudice did nothing more than *discontinue* their case against all parties and render their appeal moot before this Court. We, therefore, quash this appeal.

Appeal quashed. Motions denied.[7]

---

6. We note that other procedural means, including but not limited to the following, may have been available to the litigants in *Hionis* and *Ayre* to render appealable the orders at issue in lieu of the filing of discontinuance praecipes as suggested by the Commonwealth Court. Specifically, the litigants may have (i) sought a determination of finality of the order at issue under Pa.R.A.P. 341(c), or (ii) asked the trial court to amend its order to provide for dismissal of the original complaint so that its order could be appealed.

7. Because we quash this appeal, we deny as moot Appellees' application to quash this appeal on the basis of briefing deficiencies and Appellants' application to strike Appellees' reply brief.