J.A19036/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SANDRA L. KOZEL, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT F. KOZEL, | : | |
| | : | |
| Appellant | : | No. 1606 WDA 2013 |

Appeal from the Order Entered September 27, 2013
In the Court of Common Pleas of Allegheny County
Family Court No(s).: FD 11-007838-016

| | | |
|---|---|---|
| SANDRA L. KOZEL, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT F. KOZEL, | : | |
| | : | |
| Appellant | : | No. 1607 WDA 2013 |

Appeal from the Order Entered September 26, 2013
In the Court of Common Pleas of Allegheny County
Civil Division No(s).: FD 11-007838-016

| | | |
|---|---|---|
| SANDRA L. KOZEL, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT F. KOZEL, | : | |
| | : | |
| Appellant | : | No. 1608 WDA 2013 |

J. A19036/14

Appeal from the Order Entered September 26, 2013
In the Court of Common Pleas of Allegheny County
Family Court No(s).: FD 11-007838-016

| | | |
|---|---|---|
| SANDRA L. KOZEL, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT F. KOZEL, | : | |
| | : | |
| Appellant | : | No. 1609 WDA 2013 |

Appeal from the Order Entered September 16, 2013
In the Court of Common Pleas of Allegheny County
Family Court No(s).: FD 11-007838-016

| | | |
|---|---|---|
| SANDRA L. KOZEL, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT F. KOZEL, | : | |
| | : | |
| Appellant | : | No. 1610 WDA 2013 |

Appeal from the Order September 16, 2013
In the Court of Common Pleas of Allegheny County
Family Court No(s).: FD 11-007838-016

| | | |
|---|---|---|
| SANDRA L. KOZEL, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT F. KOZEL, | : | |
| | : | |
| Appellant | : | No. 1611 WDA 2013 |

- 2 -

J. A19036/14

Appeal from the Order Dated September 13, 2013
In the Court of Common Pleas of Allegheny County
Family Court No(s).: FD 11-007838-016

| SANDRA L. KOZEL, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT F. KOZEL, | : | |
| | : | |
| Appellant | : | No. 1612 WDA 2013 |

Appeal from the Order Entered September 13, 2013
In the Court of Common Pleas of Allegheny County
Civil Division No(s).: FD 11-007838-016

| SANDRA L. KOZEL, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT F. KOZEL, | : | |
| | : | |
| Appellant | : | No. 1613 WDA 2013 |

Appeal from the Order Entered September 10, 2013
In the Court of Common Pleas of Allegheny County
Family Court No(s).: FD 11-007838-016

| SANDRA L. KOZEL, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT F. KOZEL, | : | |
| | : | |
| Appellant | : | No. 1614 WDA 2013 |

J. A19036/14

Appeal from the Order September 6, 2013
In the Court of Common Pleas of Allegheny County
Family Court No(s).: FD 11-007838-016

BEFORE: BENDER, P.J.E., OLSON, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED FEBRUARY 25, 2015**

Appellant, Robert F. Kozel ("Husband"), appeals from nine orders dated September 6, 10, 13, 16, 26, and 27, 2013.[1] Husband contends the trial court erred in ordering him to relinquish possession of marital property to Appellee, Sandra L. Kozel ("Wife"). We quash the appeal.[2]

---

[*] Former Justice specially assigned to the Superior Court.

[1] The appeals were consolidated by order of this Court. Order October 24, 2013.

[2] On October 23, 2013, this Court entered a *per curiam* rule to show cause order which stated:

> These appeals, having been filed from orders dealing with property distribution prior to the entry of a final decree of divorce and equitable distribution, are interlocutory pursuant to **Campbell v. Campbell**, 516 A.2d 363 (Pa. Super. 1986). **See also Fried v. Fried**, [ ] 501 A.2d 211 ([Pa.] 1985) (noting disapproval of collateral order doctrine in divorce cases). Further, Pa.R.A.P. 311(a)(2) and (4), cited to on the docketing statement submitted to this Court, explicitly state that divorce matters are exempt from those sections of the Rule. Therefore, [Husband] shall show cause, in the form of a letter addressed to the Prothonotary of this court with a copy to opposing counsel and the trial judge, why these appeals should not be quashed. . . .

The trial court summarized the procedural posture of this case as follows:

> Husband and [Wife] were married on August 23, 1997. Three (3) children were born of the marriage . . . . Wife filed a Complaint in Divorce on September 1, 2011, wherein she raised claims for, *inter alia*, equitable distribution of marital property, child support, alimony *pendente lite*/spousal support, and counsel fees. On September 27, 2011 Wife praeciped for a conference/hearing to establish alimony *pendente lite*, spousal support, child support, and counsel fees and costs. On December 13, 2011 an Interim Order of Court was entered, which provided that Husband was to pay wife $116,224 per month for support of Wife and the Children.
>
> On January 18, 2012 Husband presented to the [c]ourt a Motion to Compel Wife to file her Affidavit of Consent to the entry of a divorce decree. On February 3, 2012 the [c]ourt entered an Order that required Wife to file her Affidavit of Consent within five (5) days of the date of the Order. If Wife did not timely file this Affidavit, the Divorce Action would be dismissed and the December [13], 2011 Order would be vacated immediately upon Husband's filing of a Praecipe to Dismiss the Divorce Action with the Department of Court Records. Wife failed to file her Affidavit of Consent, and on February 13, 2012 Husband filed a Praecipe to Dismiss the Divorce Action with the Department of Court Records. As noted in the February 3, 2012 Order, this action resulted in the immediate dismissal of the Complaint in Divorce. Wife file a Complaint for Spousal Support on February 15, 2012. An Interim Order of Court was entered on March 23, 2012, which provided that Husband was to pay Wife $40,005 per month in unallocated support beginning April 1, 2012.
>
> On September 6, 2013 Wife presented to the [c]ourt an Oral Emergency Motion for Injunctive Relief. Husband

Order, 10/23/13. This Court received a response from Husband and deferred the issue to the merits panel.

presented an Oral Response to this Motion that same day. Wife stated that Husband entered the marital residence without permission, which he had vacated approximately two (2) years prior. **Wife alleged that Husband took belongings from the home** including privileged attorney-client information. Wife also alleged that Husband burned unidentified papers in the fireplace. Husband did not deny that he took items from the home, but he denied removing any of Wife's privileged attorney-client documents. Husband argued that the [c]ourt did not have jurisdiction to rule on this matter because the Complaint in Divorce was dismissed in 2012, and the issue before the [c]ourt concerned equitable distribution and exclusive possession of the marital residence. Wife argued that the [c]ourt did have jurisdiction to rule on this matter because of the ongoing child custody and support litigation, and Husband could be enjoined from disposing of assets and materials that could be used for the Children.

After hearing the arguments from both Husband and Wife, the [c]ourt entered it's **September 6, 2013 Order**. The Order provided that, *inter alia*, **Husband was to restore and return all tangible personal property** that he and/or his agents removed, relocated, destroyed, dissipated, and/or tampered with to the marital residence by September 7, 2013. Husband was also directed to return any and all documents representing attorney-client communications and/or other privileged materials retained by Wife in the marital residence.

The Order further provided that Husband shall be deemed in contempt upon discovery that Husband did not restore the marital residence to the status quo that existed before his and his agents' unauthorized entry on September 6, 2013. **The Order directed that a hearing would be held before Husband could be found in contempt. Wife was awarded interim exclusive possession of the martial residence, and a hearing on exclusive possession was scheduled before the [c]ourt on December 13, 2013.** The Order further authorized the Hampton Police Department, the Pennsylvania State Police and any other applicable law enforcement agency to enforce the provisions of the Order.

**On September 10, 2013 the [c]ourt entered an Order of Court to amend the September 6, 2013 Order *sua sponte*. The September 10, 2013 Order required Wife to file a Complaint in Divorce** raising an equitable distribution count or an exclusive possession count no later than September 16, 2013. If Wife failed to file the Complaint in Divorce, the Order cancelled the exclusive possession hearing. **The Order also rescheduled the December 13, 2013 exclusive possession hearing for November 12, 2013.**

On September 13, 2013, Husband presented in Motions Court an Emergency Motion to Vacate the [c]ourt's September 6, 2013 Order of Court and the September 10, 2013 Amended Order of Court. At the same time Wife presented her Reply to Husband's Emergency Motion and her Motion for Sanctions, as Husband had not complied with the September 6, 2013 Order to restore the marital residence to the status quo that existed before the unauthorized entry.

The [c]ourt denied Husband's Emergency Motion to Vacate via its first September 13, 2013 Order of Court. The [c]ourt also denied Husband's request that the September 6, 2013 Order of Court and the September 10, 2013 Amended Order of Court be stayed pending Husband's appeal of these Orders to the Superior Court via its second September 13, 2013 Order of Court. **On September 16, 2013** the [c]ourt entered the Order attached to Wife's Motion for Sanctions. Under the provisions of this Order **Husband was to, *inter alia*, return any and all documents** removed, inspected, reviewed, and/or tampered with **to the marital residence by September 21, 2013. A compliance review hearing to determine Husband's compliance with the relevant Orders of Court was scheduled for November 18, 2013.** The Court also issued a **Pretrial Statement Order on September 16, 2013 for the one (1) day compliance review hearing scheduled for November 18, 2013.**

**On September 17, 2013 Wife filed her Complaint in Divorce.** The same day the [c]ourt entered an Order that cancelled the exclusive possession hearing scheduled

for November 12, 2013 because the [c]ourt concluded that Wife had failed to timely file her Complaint in Divorce raising either an equitable distribution count or an exclusive possession count in accordance with the September 10, 2013 Amended Order of Court. **The September 17, 2013 Order also vacated Wife's interim exclusive possession of the marital residence pending the filing of a divorce action and a formal request for exclusive possession by way of motion.**

**On September 26, 2013 Husband presented a Petition for Stay in Motions Court.** Husband sought for the [c]ourt to stay the September 6, 2013 Order of Court, the September 10, 2013 Order of Court, the two September 13, 2013 Orders of Court, and the two September 16, 2013 Orders of Court pending Husband's appeal to the Superior Court. **The [c]ourt denied Husband's Petition on September 26, 2013.**

Wife presented a Motion to Vacate the September 17, 2013 Order of Court in Motions Court on September 26, 2013. Wife averred that she filed her Complaint in Divorce at approximately 4:53 P.M. on September 16, 2013, in compliance with the September 10, 2013 Amended Order of Court. Wife stated that she learned that her Complaint could not be accepted on September 16, 2013 because it contained a count for primary physical and shared legal custody of the Children. This count required a waiver from the Generations Department of the Family Division noting that the parties had already completed their Generations Education and Mediation sessions before the Complaint could be accepted. Wife re-filed the Complaint [in Divorce] on September 17, 2013 when she learned of the waiver requirement.

**The [c]ourt granted Wife's Motion in part via another September 26, 2013 Order of Court. It did not vacate the September 17, 2013 Order of Court, but it did re-award Wife interim exclusive possession of the marital residence pending the outcome of the one (1) day exclusive possession hearing on November 12, 2013.**

> **On September 27, 2013 the [c]ourt entered an Order that continued generally the compliance review hearing scheduled for November 18, 2013 to allow counsel to conduct formal discovery. The Order also provided that either party could praecipe to reschedule the compliance review hearing on an expedited basis upon completion of discovery.**
>
> On October 4, 2013 Husband filed nine (9) separate Appeals of the following Orders: the September 6, 2013 Order of Court; the September 10, 2013 Order of Court; the two September 13, 2013 Orders of Court; the two September 16, 2013 Orders of Court; the two September 26, 2013 Orders of Court; and the September 27, 2013 Order of Court.

Trial Ct. Op., 12/2/13, at 1-6 (footnotes omitted and emphases added).

Husband timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court filed a responsive opinion.

On November 6, 2013, the trial court entered the following consent order:[3]

---

[3] The trial court entered the consent order, notwithstanding the filing of the instant appeal. Pa.R.A.P. 1701 provides, in pertinent part:

> **(b) Authority of a trial court or agency after appeal**. After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:
>
> *     *     *
>
> (6) Proceed further in any matter in which a non-appealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal or a petition for review of the order.

> 1. **[Wife] is hereby awarded exclusive possession of the former marital residence** . . . .
>
> 2. [Husband] is hereby excluded from the premises of the former marital residence and adjoined from entering and/or occupying the same;
>
> 3. This Order of Court shall become effective immediately; and
>
> 4. The one (1) day hearing scheduled to address [Wife's] request for exclusive possession of the former marital residence, currently scheduled for Tuesday, November 12, 2013 . . . is hereby cancelled.

Consent Order, 11/6/13, at 1-2 (emphasis added).[4]

Appellant raises the following issues for our review:

> 1. Did the Trial Court err as a matter of law, and abuse its discretion, in ordering the relinquishment of possession of property by [Husband] without subject matter jurisdiction?
>
> 2. Did the Trial Court err as a matter of law, and abuse its discretion, in ordering the relinquishment of possession of property by [Husband] without proper notice, without a

---

Pa.R.A.P. 1701(b)(6).

[4] On November 27, 2013, a second consent ordered was entered, stating:

> [Wife is] awarded an advance of equitable distribution in the amount of Three Million Dollars ($3,000,000.00) which amount is to be reduced by income tax attributable to [Wife], which would have been incurred if the parties Merrill Lynch Wealth Management Joint Investment Account would have had to sell $3,000,000.00 in assets in order to generate the aforementioned $3,000,000 cash advance. The amount of the tax that has been agreed upon by the parties is $60,000. . . .

Order, 11/27/13.

written Motion, and without a hearing as required by due process?

3. Did the Trial Court err as a matter of law, and abuse its discretion, in ordering law enforcement officials to enforce the relinquishment of possession of property by [Husband] without proper notice, without a written Motion and without a hearing as required by due process?

4. Did the Trial Court err, as a matter of law, and abuse its discretion, in ordering law enforcement officials to enforce the relinquishment of possession of property by [Husband] without subject matter jurisdiction?

Husband's Brief at 18.

As a prefatory matter, we consider whether the issues concerning the distribution of marital property, *viz.*, the marital residence, are moot based upon the November 6, 2013 consent order. This Court has stated:

> Generally, an actual claim or controversy must be present at all stages of the judicial process for the case to be actionable or reviewable. . . . **If events occur to eliminate the claim or controversy at any stage in the process, the case becomes moot.** An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

**Deutsche Bank Nat. Co. v. Butler**, 868 A.2d 574, 577 (Pa. Super. 2005) (quotation marks and citations omitted).

In **Motley Crew, LLC v. Bonner Chevrolet Co., Inc.**, 93 A.3d 474 (Pa. Super. 2014), *appeal denied*, 104 A.3d 526 (Pa. 2014), the appellants

> [d]iscontin[ed] their action immediately prior to filing their appeal in [the Supreme] Court, depriv[ing] this Court of jurisdiction to hear the issues complained of in their

> appeal. Because no action [wa]s pending from which an appeal of an order c[ould] be heard, this Court [wa]s without jurisdiction to hear [the a]ppellants claims. [The a]ppellants rendered their action moot. Th[e] appeal, therefore, must be quashed.

*Id.* at 476.

Instantly, Husband's challenges to the court's orders granting Wife interim exclusive possession of the marital residence are moot based upon the consent order granting Wife exclusive possession. *See Deutsche Bank Nat. Co.*, 868 A.2d at 577. Because the consent order rendered the issue moot, Husband's appeal as to that issue must be quashed. *See Motley Crew, LLC*, 93 A.3d at 476.

We also consider whether the orders were interlocutory and unappealable. A final order is defined in part as "any order that . . . **disposes of all claims and of all parties**." Pa.R.A.P. 341(b)(1) (emphasis added). The September 6, 2013 order directed Husband to return property to the marital home and awarded interim possession of the home to Wife. A hearing was set for December 13th. The September 10th order amended the September 6th order, directing Wife to file a complaint in divorce and scheduling a hearing on the issue of the exclusive possession of the marital residence. The two September 13th orders (1) denied a request to vacate the orders entered on September 6th and 10th and (2) denied a stay of the orders. The September 16th order set a date for a compliance review hearing and specified the information to be included in pre-trial statements.

The court entered another order on September 16th directing Husband to return documents and set a date for a compliance review hearing. The court entered an order on September 26th awarding Wife possession of the marital residence and scheduling a hearing on the issue of exclusive possession. The court entered another order on September 26th denying Husband's petition for a stay pending his appeal to this Court. The September 27th order generally continued the compliance review hearing scheduled for November 18, 2013 so counsel could conduct formal discovery.

We find that the orders were not final orders because they did not dispose of all claims and anticipated further proceedings. *See* Pa.R.A.P. 341(b)(1). Therefore, we are constrained to quash the appeal.

Appeal quashed.

President Judge Emeritus Bender joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/25/2015

- 13 -