J-A23003-19

**NON PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

TIMOTHY JOHNSON         :    IN THE SUPERIOR COURT OF
                        :            PENNSYLVANIA
          Appellant     :
                        :
                        :
                        :
     v.                 :
                        :
                        :
                        :
MONRO MUFFLER BRAKE, INC. AND   :    No. 284 WDA 2019
BRIAN RADIGAN           :

Appeal from the Order Dated, February 11, 2019,
in the Court of Common Pleas of Erie County,
Civil Division at No(s):  No. 12059 of 2016.

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED OCTOBER 16, 2019**

Timothy Johnson appeals from the trial court's order denying his request to file a third amended complaint against Monro Muffler Brake, Inc.  Because the trial court granted Monro final judgment on the merits ***before*** Mr. Johnson tried to file a third amended complaint, the trial court no longer possessed jurisdiction over Monro.  We therefore affirm.

Mr. Johnson was an employee of Monro, where he worked as a vehicle mechanic with Brian Radigan.  According to Mr. Johnson, after he quit working for Monro, Mr. Radigan repeatedly forged Mr. Johnson's name and used his Commonwealth-issued license number to conduct vehicle inspections at Monro.  Mr. Johnson initially sued Mr. Radigan in 2016 for fraud and identity theft.  In a second amended complaint, Mr. Johnson also sought damages

from Monro under the doctrine of *respondeat superior*.[1]  After discovery closed, Monroe and Mr. Radigan moved for summary judgment, and the trial court granted it.

Mr. Johnson appealed to this Court, but he did not challenge the trial court's grant of summary judgment to Monro.  This Court left the portion of the order dismissing the *respondeat superior* claim intact.  **See Johnson v. Monro Muffler Brake, Inc.**, No. 1794 WDA 2017, 2018 WL 4925651 (Pa. Super. 2018).  We did, however, reverse the grant of summary judgment as to Mr. Radigan and remanded for further proceedings.  **See id.**

On remand, Mr. Johnson sought leave of court to file a third amended complaint against Mr. Radigan **and Monro**.  This new complaint claimed that Monro's own actions constituted direct negligence.  The trial court granted Mr. Johnson's request to amend his complaint against Mr. Radigan, but denied the request to amend against Monro.  This appeal followed.[2]

Initially, we note that the appeal would have been interlocutory since claims against Mr. Radigan remained.  However, Mr. Johnson discontinued his claims against Mr. Radigan.[3]  This action rendered the order denying Mr.

---

[1] Latin, literally translating to "let the higher-up answer."  "Under the doctrine of *respondeat superior* recovery is sought on the basis of vicarious liability," from an employer, for the unlawful conduct of its employees.  **Brezenski v. World Truck Transfer, Inc.**, 755 A.2d 36, 39 (Pa. Super. 2000).

[2] Both the trial court and Mr. Johnson complied with Pa.R.A.P. 1925.

[3] Since he was dismissed, Mr. Radigan did not participate in this appeal.

Johnson leave of court to file an amended complaint against Monro a final, appealable order.

Mr. Johnson raises one issue in this appeal:

> Whether the dismissal of the *respondeat superior* claim by the Superior Court in the previous appeal bars [him] from amending the Complaint to allege fraud directly committed by [Monro], and conspiracy to commit fraud, against [Mr. Johnson]?

Johnson's Brief at 5. Before addressing that question, we must first determine whether the trial court had jurisdiction over Monro during the remand.

Questions of jurisdiction are non-waivable, and this Court may raise them *sua sponte*. The Supreme Court of Pennsylvania has said:

> as a pure question of law, the standard of review in determining whether a court has subject matter jurisdiction is *de novo*, and the scope of review is plenary. Whether a court has subject matter jurisdiction over an action is a fundamental issue of law, which may be raised at any time in the course of the proceedings, including by a reviewing court *sua sponte*. Further, subject matter jurisdiction may not be conferred by consent of the parties and a defect of such jurisdiction may not be waived.

*In re Administrative Order No. 1-MD-2003*, 936 A.2d 1, 5-6 (Pa. 2007) (citations omitted).

When a defendant is dismissed from a lawsuit, once the order becomes final, the trial court loses its jurisdiction over that defendant. For example, in *Motley Crew, LLC v. Bonner Chevrolet Co., Inc.*, 93 A.3d 474 (Pa. Super. 2014), *appeal denied*, 104 A.3d 526 (Pa. 2014), this Court stated that, in such cases, "there no longer is an action pending before the trial court." *Id.* at

476. And "if there is no action pending before a court, there is no matter over which [that] court can or may exert jurisdiction." *Id.*

We have said that, if summary judgment disposes of all claims against a defendant, that defendant is "released from litigation." *French v. United Parcel Service*, 547 A.2d 411, 414 (Pa. Super. 1988). Indeed, it is hornbook law that a defendant who wins complete summary judgment has "thereby *terminate[d] the litigation.*" 6 Standard Pa. Practice 2d § 32.8 at 152 (emphasis added). Complete summary judgment, once final, ends the case against that defendant. As far as that defendant is concerned, there is no longer an action pending against it in a court of competent jurisdiction.

We must therefore determine whether the summary judgment that the trial court granted to Monro was a final judgment. Generally speaking, a "judgment entered in adverse proceedings becomes final if no appeal therefrom is filed within thirty days." *Ins. Co. of North Am. v. Bishop*, 529 A.2d 33, 36 (Pa. Super. 1987) (some punctuation omitted) (quoting *Simpson v. Allstate Ins. Co.*, 504 A.2d 335, 337 (Pa. Super. 1986) (*en banc*)).

The trial court granted Monro summary judgment on the only claim Mr. Johnson made against it, on November 17, 2017. *See* Trial Court Order and Opinion, 11/17/18. That order also granted summary judgment on all claims against Mr. Radigan. "A final order is any order that (1) disposes of all claims and of all parties . . . ." Pennsylvania Rule of Appellate Procedure 341(a). Because the trial court's November 17, 2017 order disposed of all the claims

against both Defendants, it was final and, therefore, immediately appealable. *See, e.g., Harahan v. AC & S, Inc.*, 816 A.2d 296, 297 (Pa. Super. 2003).

Although Mr. Johnson appealed the November 17, 2017 order as to Mr. Radigan, he did not appeal the grant of summary judgment to Monro. Thus, summary judgment for Monro became a final judgment on the merits 30 days after the trial court granted it – *i.e.*, on December 18, 2017.

When Mr. Johnson tried filing his third amended complaint against Monro over eleven months later, Monro was no longer a party to this case. *See* Johnson's Motion to Amend Complaint, 11/30/18, at 1. Accordingly, the Court of Common Pleas of Erie County had no jurisdiction over Monro on remand. Simply stated, although the court denied Mr. Johnson's motion, that court had no authority to grant Mr. Johnson leave to file a third amended complaint against Monro, even if it wanted to.

"[W]e may affirm the trial court's order on any valid basis." *Plasticert, Inc. v. Westfield Ins. Co.*, 923 A.2d 489, 492 (Pa. Super. 2007). Because Mr. Johnson filed a motion for leave to amend against Monro in an action in which Monro had already secured final summary judgment and dismissal, Mr. Johnson's appeal from the order denying his motion is meritless.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/16/2019</u>