J-A10033-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL CLINGER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELIZABETH PROTESTO CLINGER | : | |
| | : | |
| Appellant | : | No. 2706 EDA 2023 |

Appeal from the Order Entered September 29, 2023
In the Court of Common Pleas of Chester County Civil Division at No(s):
2018-09561-TT

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED JUNE 17, 2024**

Elizabeth Protesto Clinger ("Wife"), appeals four orders entered by the Chester County Court of Common Pleas ("trial court"), three of which were entered before Wife signed an agreement to settle the instant lawsuit brought against her by Michael Clinger ("Husband"), and one of which was entered after Husband filed a praecipe to settle, discontinue, and end the case. Because we conclude that we are without jurisdiction to decide this appeal, we quash.

We glean the following from the record.  Husband and Wife married in 2010 and have two minor children together, a son (born in 2011) and daughter (born in 2013) (collectively, "Children").  In February 2016, Wife filed for divorce.  On January 5, 2017, Wife filed a protection from abuse ("PFA") petition against Husband, alleging that he had sexually abused their then-

three-year-old daughter. The trial court granted an ex parte temporary PFA order, which excluded Husband from the martial residence, prohibited him from contacting and seeing Children, and awarded Wife physical custody of Children, among other things.[1] By February 3, 2017, both the Department of Children, Youth, and Families ("CYF") and local law enforcement determined, after investigation, the report of abuse was unfounded. Thereafter, Wife did not withdraw her PFA petition and the temporary PFA order remained in effect until June 30, 2017, when the parties appeared for a final PFA hearing. Before the hearing got underway, Wife withdrew her PFA petition and, on that basis, the trial court entered an order dismissing it with prejudice and vacating the temporary PFA order. On October 3, 2017, upon Husband's petition, the PFA record was expunged.

On September 17, 2018, Husband commenced the instant action against Wife by filing a complaint alleging three claims: (1) wrongful use of civil proceedings under the Dragonetti Act, 42 Pa.C.S. §§ 8351-8354,[2] (2)

_____

[1] The trial court subsequently modified the temporary PFA order to permit Husband limited, supervised visits with Children. *See* Trial Court Opinion, 12/6/2023, at 2.

[2] Section 8351(a) provides:

> A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:

*(Footnote Continued Next Page)*

abuse of process, and (3) institution of a PFA action in bad faith under section 6117(b)[3] of the PFA Act, 23 Pa.C.S. §§ 6101-6122.

Wife filed preliminary objections to the complaint, which the trial court overruled on November 26, 2018. On May 23, 2022, Wife filed a motion for summary judgment, which the trial court denied on June 24, 2022. Wife filed motions to extend discovery deadlines and on July 13, 2022, the trial court entered an order requiring Wife to take Husband's deposition by August 12, 2022, submit all expert reports by October 13, 2022, and file all dispositive motions by November 14, 2022.

_____

> (1) he acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and
>
> (2) the proceedings have terminated in favor of the person against whom they are brought.

42 Pa.C.S. § 8351(a).

3 Section 6117(b) provides:

> **(b) Remedies for bad faith.--**Notwithstanding any other provision of law, upon finding that an individual commenced a proceeding under this chapter in bad faith, a court shall direct the individual to pay to the defendant actual damages and reasonable attorney fees. Failure to prove an allegation of abuse by a preponderance of the evidence shall not, by itself, result in a finding of bad faith.

23 Pa.C.S. § 6117(b) (emphasis in original).

The matter was placed on the trial list and, following continuances, a jury trial was scheduled to begin on March 7, 2023. On March 3, 2023, Wife filed a second motion for summary judgment, which the trial court denied as untimely filed on March 7, 2023. On the first day of trial, prior to jury selection, the trial court provided the parties an opportunity to negotiate a settlement. N.T., 3/7/2023, at 11-12. After one hour and thirteen minutes, the parties reached an agreement to resolve the case without trial. *Id.* at 12-19 (reflecting off-the-record negotiations occurred between 9:21 a.m. and 10:34 a.m.). As explained on the record, Wife agreed to consent in the divorce proceedings to an offset of $550,000 from the equitable distribution award and to sign the following statement:

> While I originally believed there was a proper basis to bring [our daughter's] claims to the attention of authorities, I have now come to realize and believe there was no proper evidence to support the claims that [Husband] ever sexually assaulted our daughter.

*Id.* at 15, 19. After the terms of the settlement agreement were placed on the record, each party was sworn in and indicated their assent to the terms of the settlement under oath. *Id.* at 20. Specifically, the trial court colloquied Wife as follows:

> THE COURT: [Wife], you have also heard the recitation of the settlement agreement for an offset and for a statement to be signed by you. Do you understand the terms of the agreement?
>
> [WIFE]: Yes, Your Honor.
>
> THE COURT: And do you agree to that?
>
> [WIFE]: Yes, Your Honor.

- 4 -

*Id.*

On March 23, 2023, Wife filed an appeal from the trial court's March 7, 2023 order denying her second summary judgment motion. This Court quashed the appeal as interlocutory. *Clinger v. Clinger*, 783 EDA 2023 (Pa. Super. filed Jul. 10, 2023) (per curiam).

On April 4, 2023, Husband filed a petition to enforce the settlement agreement. Wife responded and after continuances, the trial court scheduled a hearing for September 26, 2023. On September 20, 2023, Wife filed a motion to dismiss, in which she argued that the trial court should exercise its "sua sponte dismissal powers" to dispose of the complaint, arguing it had no basis in law or fact and the court lacked jurisdiction to entertain it. Motion to Dismiss, 9/20/2023, at 6 (unpaginated). On September 21, 2023, the trial court issued an order removing the case from the trial list, noting the case had settled.

At the September 26, 2023 hearing, the trial court heard argument from counsel and took testimony from Wife. N.T., 9/26/2023, at 2-6. From the bench, the trial court ordered Wife to sign the settlement agreement and negotiated statement. *Id.* at 6. Wife complied and the trial court stated that there would be no further proceedings in the matter. *Id.* at 7-8. Three days later, on September 29, 2023, Husband filed a praecipe to settle, discontinue, and end the matter. On October 11, 2023, the trial court entered an order

denying Wife's September 20, 2023 motion to dismiss as moot. Thereafter, on October 19, 2023, Wife filed notices of appeal from the four orders.

On appeal, Wife raises the following issues for our review:

Did the lower court commit legal error and/or abuse its discretion by (repeat for each below):

  1.....its failure to invoke Dragonetti qualification which requires a favorable termination of the underlying action.

  2.....failure to dismiss as frivolous under Pa.R.C.P 233.1 and 240 with explanatory comment-1991

  3.....failure to deny a jury trial in that juries are fact finders only and not authorized to rule on law as a plenary function of courts.

  4.....failure to apply expungement order obtained when there was no trial in the underlying action. CPSA § 6337

  5.....failure to honor the discontinuance under Pa.R.C.P. 229

  6.....failure to maintain immunity for child abuse reporting. CPSA § 6318

  7.....failure to recognize parent's rights to seek medical help in their children's best interest under the CPSA. § 6302(c)

  8.....failure to see the CPSA report of abuse was initiated by medical service providers and not the defendant. Todd Hershey

  9.....failure to see that even if the accusations went to trial that failure to meet the burden of proof is not "bad faith" 23 Pa.C.S.A. § 6117(b).

Wife's Brief at 6-7 (verbatim).

Prior to reaching the merits of Wife's appeal, we must address whether this appeal is properly before this Court.[4] As our recitation of the procedural history of this matter reflects, the case was discontinued on September 29, 2023. *See* Pa.R.Civ.P. 229(a) ("A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial."). There is nothing in the record to indicate (and Wife does not contend) that Wife filed a motion to strike off the discontinuance in the trial court. *See* Pa.R.Civ.P. 229(c) ("The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice."); *see also Morgan v. Petroleum Prod. Equip. Co.*, 92 A.3d 823, 827 n.7 (Pa. Super. 2014) (stating that if the defendant is prejudiced or otherwise adversely affected by a discontinuance filed by the plaintiff, it is incumbent upon the defendant to move to strike the discontinuance before the trial court pursuant to Rule 229(c)).

"The general effect of a discontinuance is to terminate the action without an adjudication of the merits and to place the plaintiff in the same position as if the action had never been instituted." *Motley Crew, LLC v. Bonner Chevrolet Co.*, 93 A.3d 474, 476 (Pa. Super. 2014) (citations omitted).

---

[4] Although neither Husband nor the trial court raised this concern, the law is clear that we may raise sua sponte a question of whether an appeal is properly before us as it implicates our jurisdiction. *See Miller v. Shutt*, 312 A.3d 326, 330 (Pa. Super. 2024).

Therefore, "when an action is discontinued, there no longer is an action pending before the trial court. It is self-evident that if there is no action pending before a court, there is no matter over which a court can or may exert jurisdiction." ***Id.*** Put another way, if there is no action pending in a court from which an appeal can be heard, we are without jurisdiction to decide the claims raised. ***See id.***; ***cf. Cameron v. Great Atl. & Pac. Tea Co.***, 266 A.2d 715, 717-18 (Pa. 1970) (stating that because "none of the parties filed praecipes to settle, discontinue and end with prejudice … the suit was still pending and the court did not lose jurisdiction over the cause of action").

The matter has been discontinued before the trial court based upon a praecipe filed by Husband pursuant to Rule 229(a). As such, this Court is without jurisdiction to entertain the claims raised by Wife on appeal. ***See Motley Crew***, 93 A.3d at 476; ***see also Am. Express Bank, FSB v. Martin***, 200 A.3d 87, 91 (Pa. Super. 2018) ("A discontinuance of an action under these circumstances is not equivalent to the entry of a final order from which an appeal can be taken.") (citation omitted).[5]

_____

[5] In his brief before this Court, Husband also requests that we impose counsel fees upon Wife and/or her counsel pursuant to Pa.R.A.P. 2744 for "counsel's frivolous, obdurate and vexatious appeal, failure to comply with this Court's rules, and multiple misrepresentations of fact." Husband's Brief at 22. We reject this request under the circumstances of this case. The trial court is the proper body to determine the amount of an award of counsel fees pursuant to Rule 2744, ***see*** Pa.R.A.P. 2477; ***see also, e.g., Morgan v. Morgan***, 117 A.3d 757, 763 (Pa. Super. 2015 (remanding the case to the trial court to calculate reasonable counsel fees), and as there is no case pending before the trial

*(Footnote Continued Next Page)*

Appeal quashed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/17/2024

---

court, it lacks jurisdiction to make any determination in this matter. ***See Motley Crew***, 93 A.3d at 476-77 (noting that when a case "has been discontinued below, it would be impossible to remand the matter back to the trial court for further proceedings when there is no action in the trial court."). Further, we would be remiss if we did not note that had Husband identified the jurisdictional concern that serves as the basis for our decision, there would be few, if any, counsel fees resulting from this appeal.