J-A06005-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JAMES SAVAGE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| DONALD J. TRUMP, AND DONALD J. TRUMP FOR PRESIDENT, INC., JENNA ELLIS, RUDOLPH W. GIULIANI, GREGORY STENSTROM, LEAH HOOPES, PHILLIP KLINE, THOMAS MOORE SOCIETY, RUDOLPH W. GIULIANI, PLLC | : | No. 1000 EDA 2024 |
| APPEAL OF: J. CONOR CORCORAN | : | |

Appeal from the Order Entered March 12, 2024
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 211002495

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY PANELLA, P.J.E.:          **FILED MARCH 13, 2025**

J. Conor Corcoran, Esquire (Appellant) appeals from the order of the Court of Common Pleas of Philadelphia County, entered on March 12, 2024, finding that Appellant violated the Pennsylvania Rules of Professional Conduct. After review, we vacate the order.

The trial court accurately summarized the factual and procedural history of the case. *See* Trial Court Opinion, 6/12/24, at 1-3. Briefly, we state the facts relevant to our disposition. Appellant represented James Savage in the

_____

[*] Former Justice specially assigned to the Superior Court.

underlying action claiming that Appellees[1] defamed Savage with regards to his actions as a voting machine supervisor during the 2020 presidential election.

On February 14, 2024, Appellees filed a motion seeking monetary sanctions and a finding that Appellant violated the Rules of Professional Conduct regarding Appellant's filing of a prior motion that the trial court denied. On February 28, 2024, Appellant filed a praecipe for discontinuance. A few hours later, without having held a hearing, the trial court issued an order denying Appellees' motion for monetary sanctions but finding that Appellant violated the Pennsylvania Rules of Professional Conduct.[2]

On March 1, 2024, the trial court vacated the February 28, 2024 order and issued a substantively identical corrected order. On March 12, 2024, the court vacated its March 1, 2024 order on Appellant's motion because that order had also been entered without a hearing. After a hearing, on that same day, the trial court again issued an order denying Appellees' motion for monetary sanctions but finding that Appellant violated the Pennsylvania Rules of Professional Conduct. Appellant appealed.

_____

[1] Savage filed suit against multiple individuals and organizations. Only two individuals, Gregory Stenstrom and Leah Hoopes, participated in the proceedings relevant to this appeal. To be concise we refer to them as Appellees. Although on January 31, 2024, we granted Appellees leave to file an Appellee Brief Nunc Pro Tunc within 10 days, they failed to file a brief as of the day this case was listed for argument, i.e., March 4, 2025.

[2] We commend the trial court for candidly explaining that it had entered its order of March 12, 2024, after Appellant's praecipe for discontinuance had been filed. *See* Trial Court Opinion, 6/12/24, at 2 n.3.

Appellant raises several arguments about why the trial court erred in finding he violated the Rules of Professional Conduct. However, we do not reach those issues because the trial court lacked jurisdiction to enter the March 12, 2024 order after the discontinuance had been entered.

"A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial." Pa.R.C.P. 229(a). "The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice." Pa.R.C.P. 229(c).

"[W]hen an action is discontinued, there no longer is an action pending before the trial court." *Motley Crew, LLC v. Bonner Chevrolet Co.*, 93 A.3d 474, 476 (Pa Super. 2014). "It is self-evident that if there is no action pending before a court, there is no matter over which a court can or may exert jurisdiction." *Id.* An order entered by a court without jurisdiction is without force and effect. *See Jones v. McGreevy*, 270 A.3d 1, 24 (Pa. Super. 2022).

Here, the action was terminated when Appellant filed the praecipe for discontinuance. Neither Appellees nor any other party petitioned the trial court to strike the discontinuance. After the case had been discontinued there was no action pending before the trial court over which it could exert jurisdiction. Accordingly, the orders issued after the case had been discontinued, which orders are the subject of this appeal, were a legal nullity. Those orders were dated February 28, 2024, March 1, 2024, March 5, 2024, and March 12, 2024.

We acknowledge that the trial court had vacated all of these orders except the March 12th order, however, out of concern for Appellant, we state that all of these orders were a legal nullity. Therefore, we vacate the trial court's order of March 12, 2024.

Orders vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.



Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/13/2025