Joseph COADY, Petitioner,

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Decided July 24, 2002.
Publication Ordered Aug. 15, 2002.

Nancy L. Winkelman and Gillian L. Thomas, Philadelphia for petitioner.

Arthur R. Thomas and Tara L. Patterson, Harrisburg, for respondent.

OPINION BY Judge FRIEDMAN.

Joseph Coady (Coady) has filed a petition for review in this court's original jurisdiction. The Pennsylvania Board of Probation and Parole (Board) has filed the following three documents: (1) a "Suggestion of Mootness"; (2) a "Motion to Dismiss Petition for Review as Sanction for Filing False, Unverified and Untimely Answer to Suggestion of Mootness, or, in the Alternative, Motion to Strike False, Unverified and Untimely Response to Suggestion of Mootness" (Motion to Dismiss/Strike); and (3) an "Amended Application for Stay" (Amended Application). Coady has filed responses to the Board's filings. First, we shall address the Board's Motion to Dismiss/Strike.

## I. Motion to Dismiss/Strike

The Board asks this court to dismiss Coady's petition for review in this case as a sanction for filing an untimely, unverified and false answer to the Board's "Suggestion of Mootness." In the alternative, the Board asks this court to strike the answer.

### A. Timeliness

The Board contends that Coady's answer to the "Suggestion of Mootness" was untimely. The Board asserts that, under Pa. R.A.P. 123, Coady had only fourteen days to file an answer to the "Suggestion of Mootness." Rule 123(b) states that a party may file an answer to an *application for relief* within fourteen days after service of the application; however, the rule allows this court to extend the time for answering any application. Pa. R.A.P. 123(b). In response, Coady

states that he believed he had thirty days to file a response under Pa. R.A.P. 1516(c). Rule 1516(c) states that every *pleading* subsequent to the petition for review shall be filed within thirty days after service of the *preceding pleading*.

First, we note that the Board gave its filing the title "Suggestion of Mootness" rather than "Application for Relief." Thus, it was not obvious that the Board was filing an application for relief pursuant to Rule 123. Second, the Board sought the dismissal of Coady's petition for review as moot, arguing that this court could no longer grant the relief that Coady requested. Thus, the Board's filing was like a preliminary objection in the nature of a demurrer, which is a pleading. *See* Pa. R.A.P. 1516(a).

Given these facts, we can understand Coady's belief that he had thirty days to file a response to the Board's "Suggestion of Mootness" pursuant to Rule 1516(c). However, we agree with the Board that the "Suggestion of Mootness" was filed pursuant to Rule 123.[1] Nevertheless, because Rule 123(b) allows this court to extend the time for answering any application, we decline to dismiss Coady's petition for review, or strike Coady's response, as a sanction against Coady for filing an untimely answer.

### B. Verification

■ The Board points out that Coady's answer to the "Suggestion of Mootness" was not verified by any person having knowledge of the facts set forth in the answer, a violation of Pa. R.A.P. 123(c). However, Rule 123(c) states that, when a filing lacks a verified statement, this court may defer action pending the filing of a verified statement. *See* Pa. R.A.P. 123(c).

On June 13, 2002, Coady filed the required verification. Because Coady has cured the defect, the lack of verification can no longer serve as the basis for a sanction against Coady.

### C. Falsehoods

■ Finally, the Board contends that Coady's answer falsely states that parole staff at the State Correctional Institution at Graterford (SCI–Graterford) told Coady that the Board would release him on parole only if he consented to residing in a Community Corrections Center (CCC) for approximately three months beyond the expiration of his maximum sentence. The Board attached affidavits from the two employees who were responsible for telling Coady about his release on parole. The affidavits indicate that the two employees did *not* tell Coady that he needed to stay at the CCC after his maximum term expired.

In response, Coady points out that the Board did not provide: (1) an affidavit from a supervisor named David Dettinburn, who also allegedly spoke to Coady about his release on parole; (2) a copy of the March 8, 2002, email from James Robinson, Director of Probation and Parole Services, allegedly stating that Coady had been approved for parole to a CCC; or (3) a formal decision in writing informing Coady that he had been granted parole and explaining the conditions of his parole. Having considered the Board's allegations and Coady's response, we decline to impose sanctions upon Coady for making false statements of fact in his answer to the "Suggestion of Mootness."

Accordingly, the Motion to Dismiss/Strike is denied.

---

1. Rule 1972(4) states that, pursuant to Rule 123, any party may move to dismiss an action for mootness. Pa. R.A.P.1972(4).

## II. "Suggestion of Mootness"

The Board makes the following allegations. Coady's petition for review demands an order compelling the Board to render a decision on his pending application for parole. The Board offered to grant Coady parole; however, Coady requested that he serve his maximum sentence. The Board then issued a decision denying Coady parole, as requested. The Board maintains that, because Coady refused the Board's offer of parole, this matter is moot.

Initially, we note that the Board has ignored the latter part of Coady's request for relief. Coady's petition for review demands an order compelling the Board to render a decision on his pending application for parole "and further demand[s] that such consideration occur according to the law as it existed in May 1990." (*See* Petition for Review at 13.) The Board does *not* aver that it rendered a decision on Coady's pending application for parole based on the law as it existed in May 1990, or that the Board offered to do so before Coady asked to complete his maximum sentence. If the Board was not willing to provide the specific relief that Coady requested in his petition for review, Coady's petition did not become moot.

We also note that, according to Coady's petition for review, Coady will complete his maximum sentence on June 14, 2002. Inasmuch as this date has passed, the Board will *never* be able to consider Coady's application for parole based on the law as it existed in May 1990. However, before we dismiss Coady's petition as moot, we need to address whether any of the exceptions to the mootness doctrine apply here.

■ This court will decide questions that have otherwise been rendered moot when one or more of the following three exceptions apply: (1) the case involves questions of great public importance; (2) the conduct complained of is capable of repetition yet avoiding review; or (3) a party to the controversy will suffer some detriment without the court's decision. *Saucon Valley School District v. Robert O.*, 785 A.2d 1069 (Pa.Cmwlth.2001). We hold that the first exception applies in this case.

■ The question presented in this case is whether the 1996 amendments to the Parole Act[2] are constitutional as applied to inmates convicted prior thereto. The effect of the amendments was to make it more difficult for inmates convicted of violent offenses to obtain release on parole. This means that such inmates may be less amenable to rehabilitation and, like Coady, may be released into society upon completion of their maximum sentences without time or opportunity for supervised adjustment. As more inmates reach the expiration of their maximum terms, more violent inmates will re-enter society without the benefit of parole. *See* section 1 of the Parole Act, 61 P.S. § 331.1 (stating that, as a matter of public policy, one of the benefits of parole is that it provides for the supervision of an offender while giving the offender an opportunity to become a useful member of society). Thus, certainly, the question presented here is a matter of great public importance.[3]

---

2. Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §§ 331.1–331.34(a).

3. We note that the question presented is one of first impression for this court. However, in *Mickens–Thomas v. Vaughn,* 2002 WL 436744, 2002 U.S. Dist. LEXIS 4610 (E.D. Pa. No. 99–6161, filed March 15, 2002), *stay granted,* 2002 WL 862569, 2002 U.S. Dist. LEXIS 8017 (E.D. Pa. No. 99–6161, filed May 3, 2002), the United States District Court for the Eastern District of Pennsylvania held that the Board's retroactive application of the

Accordingly, the "Suggestion of Mootness" is denied.

## III. Amended Application

The Board asks this court to stay this matter pending disposition of *Winklespecht v. Pennsylvania Board of Probation and Parole*, (Pa., No. 57 M.M.2001), and *Reynolds v. Pennsylvania Board of Probation and Parole*, (Pa.Cmwlth., No. 524 M.D.2001).

### A. Winklespecht

■ The Board states that the Pennsylvania Supreme Court has granted Winklespecht leave to file a petition for a writ of habeas corpus in the court's original jurisdiction and that the issue submitted on briefs to the court is whether the Board applied a 1996 amendment to the preamble of the Parole Act in violation of the *ex post facto* clause. The Board asserts that the issue before our supreme court is the same as the issue presented here.

In response, Coady points out that there are two procedural issues before our supreme court in addition to the *ex post facto* question: (1) whether the *ex post facto* claim is cognizable under the habeas corpus statute; and, (2) if so, in which court should the habeas corpus petition be filed. Coady has attached briefs from the *Winklespecht* case in support of his allegations. (*See* Coady's response, Exh. 1 & 2.) Inasmuch as our supreme court may decide *Winklespecht* on procedural grounds and may never address the *ex post facto* question, we decline to stay this matter pending disposition of *Winklespecht.*

1996 amendments to the Parole Act constitutes an *ex post facto* violation. Because of this federal court ruling, it is very important for this court to examine the issue in a timely manner.

### B. Reynolds

■ The Board alleges that Coady's *ex post facto* question is presented to this court in *Reynolds* and that Reynolds' maximum term does not expire until June 6, 2008. The Board urges this court to decide *Reynolds* instead of Coady's case because there is not a mootness question in *Reynolds.*

As indicated above, we will *not* dismiss this case under the mootness doctrine because the case presents a very important issue, and one that is a matter of first impression. In that regard, we note that the inmate bringing the action in *Reynolds,* unlike Coady here, lacks representation by counsel. In deciding a very important issue of first impression, we would prefer that *both* parties have adequate legal assistance in presenting their cases. Thus, we decline to enter a stay in this case pending disposition of *Reynolds.*[4]

Accordingly, the Amended Application is denied.

### *ORDER*

AND NOW, this 24th day of July, 2002, it is hereby ordered as follows:

1. The "Suggestion of Mootness" filed by the Pennsylvania Board of Probation and Parole (Board) is denied.

2. The Board's "Motion to Dismiss Petition for Review as Sanction for Filing False, Unverified and Untimely Answer to Suggestion of Mootness, or, in the Alternative, Motion to Strike False, Unverified and Untimely Response to Suggestion of Mootness" is denied.

4. The Board contends that granting a stay will serve the dual interests of judicial economy and justice. However, if the Board's concern is judicial economy and justice, perhaps the Board should request a stay in *Reynolds*.

3. The Board's "Amended Application for Stay" is denied.