Laverne HARRIS; Elizabeth Clark; Gary Christopher; Derrick Bostic, Petitioners

v.

Edward G. RENDELL, Governor of Pennsylvania, and Pennsylvania Board of Probation and Parole and Pennsylvania Department of Corrections, Respondents.

Commonwealth Court of Pennsylvania.

Argued Dec. 8, 2008.

Decided Aug. 5, 2009.

Publication Ordered Oct. 19, 2009.

Leonard Sosnov, Wyndmoor and David Rudovsky, Philadelphia, for petitioners.

Kenneth L. Joel, Sr. Deputy Attorney General, Harrisburg, for respondents.

OPINION BY President Judge LEADBETTER.

Laverne Harris, Elizabeth Clark, Gary Christopher and Derrick Bostic (collectively, Petitioners), inmates in state correctional institutions, filed a motion for peremptory judgment and summary relief in their petition for review filed against Governor Edward G. Rendell, the Pennsylvania Board of Probation and Parole (Board) and the Department of Corrections (Department) (collectively, Respondents). Respondents also have filed an application for summary relief and a suggestion of moot-

ness. For the reasons stated below, the petition for review is dismissed as moot.[1]

The Board granted Petitioners parole or reparole during the period from May through September 18, 2008. On October 21, 2008, Petitioners filed a petition for review in original jurisdiction of this court, seeking mandamus relief and a declaratory judgment against Respondents. Petitioners alleged that on September 29, 2008, Governor Rendell imposed a moratorium on the release of inmates granted parole and reparole pending an independent review of the Commonwealth's parole system and that they would have been released but for the Governor's moratorium.

To support their allegations, Petitioners attached to the petition for review a press release issued by the Office of the Governor on September 29, 2008. The press release, titled "**Gov. Rendell Asks Corrections Department to Suspend Releases Pending Review of Corrections, Parole Systems**," stated:

> Governor Edward G. Rendell today called on the Department of Corrections to suspend the release of all offenders who have been recommended for parole pending ... a review by Dr. John Goldkamp, chair of Temple University's Department of Criminal Justice.
>
> In a letter sent today, Governor Rendell requested that Goldkamp conduct an independent review of the processes by which the Department of Corrections prepares violent offenders for release, the Board of Probation and Parole determines whether to parole a violent offender, and how both entities supervise parolees after release.

> "Last week, Philadelphia Police Officer Patrick McDonald was tragically murdered by a paroled offender, but it is even more tragic that this was the second instance within the last four months of a parolee shooting a Philadelphia police officer," wrote Governor Rendell.... "Heartbreaking losses such as these have shed light on the need to thoroughly review the process by which Pennsylvania paroles violent offenders. Therefore, I am asking you to review the way in which these two cases were managed by the Department of Corrections and the Board of Probation and Parole in order to minimize the likelihood that these kinds of scenarios will be repeated."
>
> Goldkamp's review will begin immediately and the Governor added that he has directed the department and the board to cooperate fully with the review. Governor Rendell requested that the review be thorough, complete and expedited to the fullest extent possible. If the review yields any measures that demand prompt action, the Governor requested that Goldkamp present those recommendations to him immediately.
>
> The Board of Probation and Parole may continue to conduct parole hearings and case reviews, but not grant parole.

The Governor also called on the Senate to amend House Bill 1845 to require imposition of a 20–year mandatory minimum sentence upon those found guilty of assaulting a police officer with a firearm.

On October 20, 2008, the Office of the Governor issued another press release, stating that the Governor "directed the parole moratorium on non-violent offend-

---

1. Due to dismissal of the petition for review, an application for leave to intervene filed by Robert A. Edwards, Spencer Broaddus, Louis C. Mickens–Thomas and Isaac James is denied. *See Santangelo Hauling, Inc. v. Mont-* *gomery County*, 84 Pa.Cmwlth. 427, 479 A.2d 88 (1984) (the court has no power to permit intervention if an action is no longer pending).

ers to be lifted" based on Dr. Goldkamp's recommendation. Petitioners Clark and Christopher were then released on parole.

Characterizing the September 29, 2008, press release as an "order" or "directive" of the Governor,[2] Petitioners argue that the Governor violated the constitutional mandate of separation of powers by issuing the blanket moratorium on parole release. Petitioners point out that the Legislature established the Board as an independent agency with exclusive power over all parole matters. *See* Sections 2 and 17 of the Act of August 6, 1941, P.L. 861, commonly known as the Parole Act, *as amended,* 61 P.S. §§ 331.2, 331.17. They further argue that the Board may not refuse to release a group of inmates on parole based solely on the nature of the offenses committed without individualized consideration of factors enumerated in Section 19 of the Parole Act, 61 P.S. § 331.19, such as the nature and circumstances of the offenses committed, recommendations of the trial judge and prosecuting attorney, the prisoners' conduct while in prison and the prisoners' physical, mental and behavioral condition. They submit that implementation of the moratorium by the Board and the Department and their refusal to release them violate their due process rights and the *ex post facto* clauses of the United States and Pennsylvania Constitutions.

Petitioners seek the court's order declaring that the moratorium is invalid and unenforceable, directing the Board and the Department not to implement the moratorium, directing the Board to issue parole release orders and directing the Department to release them upon receipt of the Board's orders. Petitioners filed a motion for peremptory judgment and summary relief, asserting that there are no genuine issues of material fact and that their right to relief is clear.

Respondents filed an answer and new matter and an application for summary relief, alleging that even accepting Petitioners' allegations as true, they failed to state a claim upon which requested relief can be granted. Respondents argue that the September 29 press release is a nonjusticiable public policy communication, not a binding executive order or directive. They maintain that the Board may cooperate with the Governor and agencies under his jurisdiction on issues of mutual interest. *See Cutler v. State Civil Serv. Comm'n (Office of Admin.),* 924 A.2d 706 (Pa.Cmwlth.2007), *appeal denied,* 596 Pa. 710, 940 A.2d 366 (2007). Further, the Board is required only to timely consider and dispose of parole applications and is free to rescind parole anytime before prisoners sign an acknowledgment of parole conditions. *See* Section 22 of the Parole Act, 61 P.S. § 331.22. Respondents also rely on the stated policy of the Parole Act that "the board shall first and foremost seek to protect the safety of the public." Section 1 of the Parole Act, 61 P.S. § 331.1.

On December 4, 2008, Respondents filed a suggestion of mootness, relying on a press release issued by the Governor's Office on December 1, 2008. The press release attached to the suggestion of mootness stated:

> Governor ... today accepted an independent expert's recommendations for improving Pennsylvania's corrections

---

**2.** In spite of Petitioners' allegation that the press release constituted a binding executive order or directive, they concede that the Governor's "moratorium" was never promulgated pursuant to 45 Pa.C.S. § 702(1), which pro- vides that "[a]ll proclamations and executive orders of the Governor which are general and permanent in nature" shall be codified in the Pennsylvania Code.

and parole system after a thorough review largely found that existing procedures were sound.

Dr. John Goldkamp ... said that ... the policies and procedures employed by the [C]ommonwealth prior to his review were based on an extensive review of factors and data and are widely considered "best field practices."

. . . .

After reviewing Dr. Goldkamp's new report, the Probation and Parole Board reached a consensus to concur with its findings and begin processing eligible offenders under more intensive supervision policies as it and the Department of Corrections continue to consider other recommendations offered by Dr. Goldkamp.

The court heard argument on Petitioners' motion and Respondents' application and suggestion of mootness on December 8, 2008. During the argument, Respondents advised the court, and Petitioners confirmed, that remaining Petitioners Harris and Bostic had been released on parole on December 5 and that other inmates approved for parole were being processed for release. Respondents argue that the petition for review has been rendered moot because all Petitioners have been released.

■ Under the mootness doctrine, "an actual case or controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Pub. Defender's Office of Venango County v. Venango County Court of Common Pleas*, 586 Pa. 317, 325, 893 A.2d 1275, 1279 (2006) [quoting *Pap's A.M. v. City of Erie*, 571 Pa. 375, 389, 812 A.2d 591, 599–600 (2002) ]. The existence of a case or controversy requires "a real and not a hypothetical legal controversy and one that affects another in a concrete manner so as to provide a factual predicate for reasoned adjudication...." *City of Philadelphia v.*

*SEPTA*, 937 A.2d 1176, 1179 (Pa.Cmwlth. 2007). As the Pennsylvania Supreme Court explained:

The cases presenting mootness problems involve litigants who clearly had standing to sue at the outset of the litigation. The problems arise from events occurring after the lawsuit has gotten under way—changes in the facts or in the law—which allegedly deprive the litigant of the necessary stake in the outcome.

*Pap's A.M.*, 571 Pa. at 389, 812 A.2d at 599–600 (2002) [quoting *In re Cain*, 527 Pa. 260, 263, 590 A.2d 291, 292 (1991)]. Pa.R.A.P. 1972(4) permits a party to move for dismissal for mootness during litigation. It is well settled that the courts "do not render decisions in the abstract or offer purely advisory opinions." *Pittsburgh Palisades Park, LLC v. Commonwealth*, 585 Pa. 196, 203, 888 A.2d 655, 659 (2005). Judicial intervention "is appropriate only where the underlying controversy is real and concrete, rather than abstract." *City of Philadelphia v. Commonwealth*, 575 Pa. 542, 559, 838 A.2d 566, 577 (2003).

■ Finally, it must be noted that "[c]onstitutional questions are not to be dealt with abstractly." *In re Gross*, 476 Pa. 203, 211, 382 A.2d 116, 120 (1978) [quoting *Bandini Petroleum Co. v. Superior Ct.*, 284 U.S. 8, 22, 52 S.Ct. 103, 76 L.Ed. 136 (1931)]. Therefore, the court should be even more reluctant to decide moot questions which raise constitutional issues. *In re Gross*. The court "prefer[s] to apply the well-settled principles that [it] should not decide a constitutional question unless absolutely required to do so." *Krenzelak v. Krenzelak*, 503 Pa. 373, 381, 469 A.2d 987, 991 (1983). *See also Atlantic–Inland, Inc. v. Bd. of Supervisors of West Goshen Twp.*, 48 Pa.Cmwlth. 397, 410 A.2d 380, 383 (1980) ("a court will not consider a constitutional issue unless it is

clearly necessary to do so to dispose of the case before it").

■ Clearly, because all Petitioners have been released on parole or reparole, they have obtained the relief sought in the petition for review, rendering the constitutional issues raised by Petitioners moot. *See City of Philadelphia v. SEPTA* (the appeal from the trial court's order vacating SEPTA's fare plan was dismissed as moot due to SEPTA's subsequent adoption of a new fare plan); *Horsehead Res. Dev. Co. v. Pa. Dep't of Envtl. Prot.*, 780 A.2d 856 (Pa.Cmwlth.2001) (the appeal challenging the Department's compliance orders was rendered moot due to subsequent withdrawal of the compliance orders).

■ Petitioners nonetheless urge the court to address the issues, asserting that the issues are capable of repetition yet likely to evade judicial review and that they are of public importance affecting rights of thousands of inmates. Under the exceptions to the mootness doctrine, the court may consider technically moot issues "where the conduct complained of is capable of repetition yet likely to evade review, where the case involves issues important to the public interest or where a party will suffer some detriment without the court's decision." *Sierra Club v. Pa. Public Utility Comm'n*, 702 A.2d 1131, 1134 (Pa. Cmwlth.1997), *aff'd*, 557 Pa. 11, 731 A.2d 133 (1999). It is within the court's "discretion to decide substantial questions, otherwise moot, that are capable of repetition unless settled." *In re Bishop*, 717 A.2d 1114, 1116 (Pa.Cmwlth.1998).

To support their request for consideration of the issues, Petitioners cite cases in which the courts decided to review technically moot issues. *See, e.g., Jersey Shore Area Sch. Dist. v. Jersey Shore Educ. Ass'n*, 519 Pa. 398, 548 A.2d 1202 (1988) (the legality of teachers' strike was one of important public interest and capable of repetition yet apt to evade review); *Colonial Gardens Nursing Home, Inc. v. Bachman*, 473 Pa. 56, 373 A.2d 748 (1977) (the trial court's issuance of preliminary injunction would escape appellate review because the effect of the injunction would terminate before review); *Lutz v. Tanglwood Lakes Cmty. Ass'n*, 866 A.2d 471 (Pa.Cmwlth.2005), *appeal granted in part*, 583 Pa. 508, 880 A.2d 502 (2005) (the issue concerning dismissal of a nonprofit corporation's directors was of great public importance to the governance of nonprofit corporations and likely to reoccur because directors' terms would likely expire before final resolution of any legal challenge to their removal); *Coady v. Pa. Bd. of Prob. & Parole*, 804 A.2d 121 (Pa.Cmwlth.2002) (the constitutionality of the 1996 amendment to the Parole Act, as applied to inmates who had been convicted prior to the amendment, was a matter of great public importance; the court noted the federal district court's earlier ruling that the amendment, as applied, violated the *ex post facto* clause).

Unlike those cases, the facts in this case do not provide a sufficient basis for the court's consideration of the technically moot issues. First, nothing in the circumstances presented here suggests a likelihood of repetition. The Board and the Department, at the urging of the Governor, briefly suspended pending release of prisoners pending an independent review of parole procedures. Within approximately two months, that study was completed and a report and recommendations issued, and release of inmates approved for parole resumed. Petitioners have suggested no reason to believe that such events are likely to be repeated. Moreover, this court has retained jurisdiction over this matter for more than six months lest implementation of Dr. Goldkamp's recommendations or other circumstances

should breathe life into this case. At this point, the court is fully satisfied that nothing remains of this controversy. Even if similar events should occur some time in the future, they need not evade review. This case became moot only because Petitioners did not invoke procedures available to litigants to seek immediate or expedited preliminary injunctive relief.

 Finally, the great public importance exception to the mootness doctrine "is generally confined to a narrow category of cases." *Bottomer v. Progressive Cas. Ins. Co.,* 580 Pa. 114, 120, 859 A.2d 1282, 1285 (2004). As our Supreme Court stated in *Wortex Mills, Inc. v. Textile Workers Union of America,* 369 Pa. 359, 370, 85 A.2d 851, 857 (1952):

> It is only in very rare cases where exceptional circumstances exist or where matters or questions of great public importance are involved, that this court ever decides moot questions or erects guideposts for future conduct or actions.... [The issues] will not be anticipated but will be dealt with only as they are appropriately raised upon a record before us.

A controlling factor in determining whether the moot questions may be appropriately reviewed under the great public importance exception is whether "the legislature obviously recognized the significance of [such] questions." *In re Gross,* 476 Pa. at 215, 382 A.2d at 123. If the statute "deals squarely with the issues," the case does not fall within the great public importance exception. *Id.*

 The Legislature established the Board as "an independent administrative board for the administration of the probation and parole laws of this Commonwealth...." Section 2 of the Parole Act. The Board "shall have all the powers and shall perform the duties generally vested in and imposed upon independent adminis-

trative boards and commissioners." *Id.* The Board has the exclusive power and broad administrative discretion in determining if and when a prisoner should be released on parole. Section 17, 61 P.S. § 331.17; *McGill v. Pa. Dep't of Health, Office of Drug & Alcohol Programs,* 758 A.2d 268 (Pa.Cmwlth.2000). On the other hand, the Governor's authority under the Parole Act is limited to appointing nine members of the Board with the consent of a majority of the Senate and removing the Board members with the consent of two-thirds of the Senate. Section 2 and Section 6, 61 P.S. § 331.6. Because the Parole Act clearly and unambiguously addresses the respective authority of the Board and the Governor in parole matters, the court does not find it necessary to address the moot issue of the legality of Respondents' actions without a "factual predicate" which requires the court's consideration. *City of Philadelphia v. SEPTA,* 937 A.2d at 1179.

The petition for review is accordingly dismissed as moot with prejudice.

### ORDER

AND NOW, this 5th day of August, 2009, the petition for review filed by Laverne Harris, Elizabeth Clark, Gary Christopher and Derrick Bostic in the above captioned matter is hereby DISMISSED AS MOOT WITH PREJUDICE.

The application for leave to intervene filed by Robert A. Edwards, Spencer Broaddus, Louis C. Mickens–Thomas and Isaac James is DENIED.