IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clean Air Council,                          :
                    Appellant      :
                             :
             v.                        :
                             :
County of Allegheny, a political            :
subdivision of the Commonwealth             :
of Pennsylvania, acting through the         :   No. 515 C.D. 2018
Allegheny County Health Department          :   Argued: October 16, 2018


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                          FILED:  November 19, 2018


        The Clean Air Council (CAC) appeals from the Allegheny County Common Pleas Court's (trial court) February 22, 2018 order dismissing its appeal as moot.  The sole issue before this Court is whether CAC's appeal from the Allegheny County Health Department's (Department) May 25, 2017 Administrative Order is moot.[1]  After review, we affirm.


**Background**

        Title V of the Clean Air Act[2] authorizes the Department to issue operating permits to industrial sources in Allegheny County that are considered "major source[s]" of air pollution.  Section 70.3(a)(1) of the Environmental

---

[1] CAC presents four additional issues concerning the merits of its appeal.  However, because the trial court did not address the merits of CAC's appeal, but rather dismissed it for mootness, the merits of CAC's appeal are not properly before this Court.

[2] 42 U.S.C. §§ 7401-7671q.

Protection Agency's (EPA) Regulations, 40 C.F.R. § 70.3(a)(1).[3] The purpose of a Title V operating permit is to incorporate into one document all the requirements that are included in a facility's existing installation (construction) permits, and any applicable regulatory requirements. Before issuing a Title V operating permit, the Department is required to "provide at least 30 days for public comment" on the proposed Title V operating permit. Section 70.7(h)(4) of the EPA's Regulations, 40 C.F.R. § 70.7(h)(4). The Department may also schedule a public hearing on the Title V operating permit. *Id.*

The Allegheny Ludlum Corporation's (Allegheny Ludlum) facility is a steel mill located in Brackenridge, Pennsylvania. Allegheny Ludlum is a "major source" of pollution and, therefore, is required under Title V of the Clean Air Act to have an operating permit. 40 C.F.R. § 70.3(a)(1). On September 30, 2016, the Department published in the Pittsburgh Post-Gazette a notice for public comment regarding a draft Title V Operating Permit for Allegheny Ludlum (2016 Draft Operating Permit). The notice stated that written comments for the 2016 Draft Operating Permit were due by October 31, 2016, and a public hearing was scheduled for October 31, 2016. On October 17, 2016, CAC requested that the Department grant a 90-day extension of the public comment period and move the public hearing from October 31, 2016 to January 30, 2017. CAC explained the need for the 90-day extension as follows: "This permit represents the accumulation of many complex regulatory and technological developments since 1995, when the Title V application

---

[3]   The Pennsylvania Department of Environmental Protection submitted a request on behalf of the [Department] pertaining to operating permit programs in the Commonwealth of Pennsylvania. The submission, dated November 9, 1998 and amended March 1, 2001, includes a request for approval of a partial operating program pursuant to 40 CFR part 70 for Allegheny County. The [Department's] partial operating permit program is hereby granted full approval effective on December 17, 2001.

40 C.F.R. PT.70 App. A, Pennsylvania (b).

was submitted. We believe a [90]-day extension is warranted for all interested parties, to allow them the time to review the documents and provide meaningful comments on the proposed permit." Reproduced Record (R.R.) at 273a.

On October 18, 2016, the Department denied CAC's request for an extension of the public comment period. On October 31, 2016, the Department conducted a public hearing on the 2016 Draft Operating Permit. CAC timely submitted written comments on the 2016 Draft Operating Permit and offered oral testimony at the public hearing.

**Facts**

CAC appealed from the Department's denial of CAC's request for the public comment period extension. On March 2, 2017, a hearing officer held an evidentiary hearing. On May 25, 2017, the hearing officer issued an Administrative Order dismissing CAC's appeal. On June 4, 2017, CAC appealed from the Administrative Order to the trial court. Thereafter, the Department revised the 2016 Draft Operating Permit and, on November 15, 2017, published a notice in the Pittsburgh Post-Gazette for public comment on a Revised Draft Title V Operating Permit for Allegheny Ludlum (Revised Draft Operating Permit). On February 22, 2018, the trial court dismissed CAC's appeal as moot because the Department published a notice for public comment on the Revised Draft Operating Permit on November 15, 2017. CAC appealed to this Court.[4]

---

[4] "When the trial court does not take additional evidence, our standard of review of a local agency's adjudication is limited to determining whether constitutional rights were violated, an error of law was committed, or the necessary factual findings are supported by substantial evidence." *Spencer v. City of Reading Charter Bd.*, 97 A.3d 834, 839 n.5 (Pa. Cmwlth. 2014).

## Discussion

Initially,

> [t]he mootness doctrine requires an actual case or controversy to exist at all stages.
>
>> It is a well-established principle of law that this Court will not decide moot questions. The articulation of the mootness doctrine . . . was acknowledged in . . . *In re Gross,* . . . 382 A.2d 116 ([Pa.] 1978) as follows:
>>
>>> The problems arise from events occurring after the lawsuit has gotten under way-changes in the facts or in the law-which allegedly deprive the litigant of the necessary stake in the outcome. The mootness doctrine requires that 'an actual controversy must be extant at all stages of review. . . .' G. Gunther, Constitutional Law 1578 (9th ed. 1975).
>>
>> [*In re Gross*], 382 A.2d at 119. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law.
>
> *In re Cain,* . . . 590 A.2d 291, 292 ([Pa.] 1991).

*Dep't of Envtl. Prot. v. Cromwell Twp., Huntingdon Cty.*, 32 A.3d 639, 651 (Pa. 2011). Further,

> [the Pennsylvania Supreme] Court has repeatedly recognized two exceptions to the mootness doctrine: (1) for matters of great public importance and (2) for matters capable of repetition, which are likely to elude review. Moreover, we have found this exception applicable where a case involves an issue that is important to the public interest or where a party will suffer some detriment without a court decision.

*Pilchesky v. Lackawanna Cty.*, 88 A.3d 954, 964-65 (Pa. 2014) (citation omitted).

CAC argues that the trial court erred by ruling that the appeal from the Administrative Order was moot because the Department violated the federal Title V regulations requiring adequate procedures for public participation in the Title V permit process, and state law prohibiting a binding norm, resulting in a current case or controversy. The Department rejoins that the trial court properly determined that the appeal is moot because the Department had revised the 2016 Draft Operating Permit that was the subject of CAC's appeal and, in the interim, proffered the Revised Draft Operating Permit which was published for public comment and, thus, no actual case or controversy exists.

> Under the mootness doctrine, 'an actual case or controversy must be extant at all stages of review, not merely at the time the complaint is filed.' *Pub. Defender's Office of Venango [Cty.] v. Venango [Cty.] Court of Common Pleas*, . . . 893 A.2d 1275, 1279 ([Pa.] 2006) [(quoting *Pap's A.M. v. City of Erie*, . . . 812 A.2d 591, 599-600 ([Pa.] 2002))]. The existence of a case or controversy requires 'a real and not a hypothetical legal controversy and one that affects another in a concrete manner so as to provide a factual predicate for reasoned adjudication. . . .' *City of Phila[.] v. [Se. Pa. Transp. Auth.]*, 937 A.2d 1176, 1179 (Pa. Cmwlth. 2007).

*Harris v. Rendell*, 982 A.2d 1030, 1035 (Pa. Cmwlth. 2009), *aff'd*, 992 A.2d 121 (Pa. 2010). Further,

> [i]t is well settled that the courts 'do not render decisions in the abstract or offer purely advisory opinions.' *Pittsburgh Palisades Park, LLC v. Commonwealth*, . . . 888 A.2d 655, 659 ([Pa.] 2005). Judicial intervention 'is appropriate only where the underlying controversy is real and concrete, rather than abstract.' *City of Phila[.] v. Commonwealth*, . . . 838 A.2d 566, 577 ([Pa.] 2003).

*Harris*, 982 A.2d at 1035. "The key inquiry in determining whether a case is moot is whether the court or agency will be able to grant effective relief and whether the litigant has been deprived of the necessary stake in the outcome of the litigation."

5

*Consol Pa. Coal Co., LLC v. Dep't of Envtl. Prot.*, 129 A.3d 28, 39 (Pa. Cmwlth. 2015).

Here, CAC appealed from the Department's decision denying CAC's request for a public comment period extension for the 2016 Draft Operating Permit. The hearing officer issued an Administrative Order dismissing CAC's appeal. After CAC appealed therefrom to the trial court, the Department revised the 2016 Draft Operating Permit, and the Revised Draft Operating Permit was published for public comment. Thus, for the trial court to rule on whether the Department violated the federal Title V regulations and state law relative to the 2016 Draft Operating Permit, would be purely advisory, as the 2016 Draft Operating Permit no longer exists. Because the trial court could no longer afford CAC relief relative to the 2016 Draft Operating Permit, the trial court properly determined that the appeal was moot.

CAC further argues that the second exception to the mootness doctrine applies because the Department's noncompliance with federal and state law is capable of repetition yet likely to evade review. Specifically, CAC contends that the time period for making a legal challenge to a denial of a request for an extension of time will easily exceed the short 30-day public comment period, and CAC intends to make future requests where it believes an extension is appropriate.

The Department rejoins that although a public comment period may end after only 30 days pursuant to Department and federal regulations, the litigation relating to the appeal need not also end. If CAC appeals a future denial of an extension request, the hearing officer, the trial court or this Court could order an extension of the comment period beyond the original 30-day comment period. Specifically, the Department asserts that this case is moot because the Department revised the 2016 Draft Operating Permit and published the Revised Draft Operating Permit for public comment, *not* because the 30-day comment period had expired. The Department maintains that if it had not published the Revised Draft Operating

6

Permit on November 15, 2017, the trial court or this Court could have reversed the hearing officer's order and required republication of the 2016 Draft Operating Permit for an additional 90-day public comment period.

> This Court has explained:
>
> The first exception to mootness-that the conduct complained of is capable of repetition yet likely to evade judicial review-involves two elements: (1) that the duration of the challenged action is too short to be fully litigated prior to its cessation or expiration; and (2) that there is a reasonable expectation that the same complaining party will be subjected to the same action again.

*Phila. Pub. Sch. Notebook v. Sch. Dist. of Phila.*, 49 A.3d 445, 449 (Pa. Cmwlth. 2012). In *Philadelphia Public School Notebook*, Philadelphia Public School Notebook (Requester) requested from the Philadelphia School District (District) full texts of resolutions presented during a School Reform Commission (SRC) planning meeting. The initial request was denied, but the District eventually provided the full texts because the resolutions later passed. (There were only two weeks between the planning meeting and the voting meeting.) Requester appealed from the denial to the Office of Open Records, which dismissed the appeal as moot because Requester received the full texts. Requester appealed to the trial court, which determined the appeal was not moot and Requester was entitled to the full texts. The District appealed to this Court, which affirmed the trial court. This Court held that

> [t]he first element of the exception is met in this case because of the manner in which [the] District and the SRC conduct their meetings wherein full text resolutions are proposed and considered at a public 'planning' meeting, but only summaries are provided to the public and the 'voting' meeting follows within only one to two weeks. Thus, the time between the 'planning' and 'voting' meetings is so short that this issue would be technically moot before it could be litigated. The second element of the mootness exception is also met because it is reasonable to expect that Requester, whose very purpose is to gather information

about [the] District and the SRC proceedings and has argued that he will in fact continue to request the full texts of planning meeting resolutions, will continue to do so. We conclude that this is the type of issue that is capable of repetition yet would continue to evade judicial review; therefore, this matter falls within this exception to the mootness doctrine.

*Id.* at 449 (footnote omitted). CAC asserts that the same analysis applies herein.

However, the trial court in the case *sub judice* did not determine that CAC's appeal was moot because the 30-day comment period for the 2016 Draft Operating Permit had expired. Rather, the mootness determination was based on publication of the Revised Draft Operating Permit. In addition, the expiration of the 30-day comment period does not limit the appeal period, as evidenced by the hearing officer's appeal hearing which took place on May 25, 2017, a full 7 months after the expiration of the 30-day comment time period. Clearly, had the 2016 Draft Operating Permit not been revised and replaced, the trial court would have ruled thereon. Accordingly, *Philadelphia Public School Notebook* is inapposite.

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clean Air Council, : 
                     Appellant : 
                               : 
             v. : 
                               : 
County of Allegheny, a political : 
subdivision of the Commonwealth : 
of Pennsylvania, acting through the :    No. 515 C.D. 2018
Allegheny County Health Department : 

## O R D E R

AND NOW, this 19th day of November, 2018, the Allegheny County Common Pleas Court's February 22, 2018 order is affirmed.

_____
ANNE E. COVEY, Judge