# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Thomas Linkosky          :
                              :
          v.                  :
                              :
Commonwealth of Pennsylvania, :
Department of Transportation, :
Bureau of Driver Licensing,   :  No. 98 C.D. 2019
                  Appellant   :  Submitted: October 18, 2019


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION
BY JUDGE FIZZANO CANNON          FILED: December 5, 2019


The Commonwealth of Pennsylvania, Department of Transportation (Department), Bureau of Driver Licensing (Bureau), appeals from the January 17, 2019 order of the Court of Common Pleas of Allegheny County (trial court) sustaining the statutory appeal of John Thomas Linkosky (Licensee) from the Bureau's refusal to issue Licensee a duplicate license renewal camera card after he lost his previously issued license camera card. Upon review, we affirm.

In a previous ruling, this Court set forth the underlying facts of the instant matter as follows:

> On October 16, 2018, Licensee, a licensed driver in Pennsylvania, pled guilty in Ohio to a violation of Ohio Rev. Code § 4511.19 (relating to driving while under the influence of alcohol or drugs). As a result of his guilty plea, Licensee's Ohio operating privilege was suspended

for a period of 12 months, with credit awarded to him from June 30, 2018. On October 4, 2018, prior to entering the guilty plea in Ohio, Licensee applied for the renewal of his Pennsylvania driver's license. The Department granted Licensee's renewal application and issued him a temporary internet driver's license. The temporary internet driver's license was valid from October 4, 2018, to October 18, 2018, and the accompanying instructions advised that Licensee would receive a camera card in the mail within 10 days. Upon receipt of the camera card, Licensee was to take the camera card to any Department Photo License Center, have a new picture taken, and receive a renewed photo license.

Licensee received a camera card from the Department, but later misplaced it, and on December 4, 2018, sought a replacement card. By notice mailed December 11, 2018, the Department informed Licensee that it was unable to issue him a new camera card because as of December 4, 2018, the National Driver Register (NDR) showed his operating privilege was suspended in Ohio. Pursuant to Section 1503(a)(1) of the Vehicle Code, the Department may not renew the driver's license of any person "[w]hose operating privilege is suspended or revoked in this or any other state." 75 Pa.C.S. § 1503(a)(1). Licensee appealed the Department's notice to the [trial court].

The trial court held a hearing on January 17, 2019, and sustained Licensee's appeal that same day. The trial court ordered the Department to furnish Licensee a duplicate camera card and, upon his presentation of that camera card at a Department Photo License Center, issue him a renewed photo driver's license. The Department appealed the trial court's January 17, 2019 order, triggering an automatic supersedeas in its favor pursuant to Pennsylvania Rule of Appellate Procedure 1736(b). Pa. R.A.P. 1736(b) (the taking of appeal by the Commonwealth shall operate as a supersedeas in favor of such party, which continues through any proceedings in

2

the United States Supreme Court). Licensee then filed an application to vacate the automatic supersedeas in the trial court. By order dated February 14, 2019, the trial court granted Licensee's application and vacated the automatic supersedeas.

*Linkosky v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth., No. 98 C.D. 2019, filed March 5, 2019) (March 5, 2019 Decision), slip op. at 1-3 (internal record citations and footnotes omitted). The Department petitioned this Court to reinstate the automatic supersedeas, which petition this Court denied by order filed March 5, 2019. *Id.* at 9 & Order. The Department's appeal of the trial court's January 17, 2019 order sustaining Licensee's appeal now comes before this Court for determination.[1]

On appeal,[2] the Department claims the trial court erred in sustaining Licensee's statutory appeal of the Department's denial of his request that the

---

[1] Because "[i]t is well settled that the courts do not render decisions in the abstract or offer purely advisory opinions[,]" the doctrine of mootness requires that an actual case or controversy exist at all stages of review, including appellate review. *Harris v. Rendell*, 982 A.2d 1030, 1035 (Pa. Cmwlth. 2009), *aff'd*, 992 A.2d 121 (Pa. 2010) (internal quotations omitted). Generally, if changes in law or facts during the course of litigation resolve the case or controversy in question, the matter will be rendered moot and dismissed as such. *See id.*; *see also* Pa.R.A.P. 1972(a)(4). However, two recognized exceptions to the mootness doctrine exist. *Harris*, 982 A.2d at 1036. In addition to being able to decide moot matters of great public importance, "[i]t is within the court's discretion to decide substantial questions, otherwise moot, that are capable of repetition unless settled." *Id.* (internal quotations omitted).

We recognize that, by virtue of Licensee's driving privilege in Ohio having been reinstated as of June 30, 2019, upon the completion of the suspension of his driving privilege in that State, Licensee is once again eligible for a renewal or reissuance of a Pennsylvania driver's license regardless of an NDR check. Accordingly, the instant matter is now technically moot. However, because this scenario, although unlikely, is capable of repetition and may evade future review due to the brief time frames involved, this Court will now review and decide the matter, its mootness notwithstanding. *See Harris*.

[2] "Our standard of review in a license suspension case is to determine whether the factual findings of the trial court are supported by competent evidence and whether the trial court

3

Department issue him a duplicate camera card because Licensee's Ohio license suspension precluded the Bureau from issuing Licensee a Pennsylvania license. *See* Bureau's Brief at 4 & 12-26. Essentially, the Department maintains that Licensee's December 4, 2018 request for a duplicate license renewal camera card was the equivalent of a second request for a license renewal. *Id.* We disagree.

Section 1513 of the Vehicle Code pertains to the issuance of duplicate and substitute driver's licenses and provides, in relevant part, as follows:

> If a learner's permit or driver's license issued under the provisions of this chapter is mutilated, lost, stolen, destroyed or becomes illegible, the person to whom it was issued, upon furnishing proof satisfactory to the department that the license or permit has been mutilated, lost, stolen, destroyed, or has become illegible, shall obtain a duplicate or substitute license or permit upon payment of the required fee.

75 Pa.C.S. § 1513(a).

Section 1503 of the Vehicle Code concerns persons ineligible for licensing in the Commonwealth and mandates that the Department "shall not issue a driver's license to, or renew the driver's license of, any person: . . . [] [w]hose operating privilege is suspended or revoked in this or any other state." 75 Pa.C.S. § 1503(a)(1).

Additionally, prior to issuing driver's licenses, Federal law requires the Department to "submit an inquiry to both the NDR and the Commercial Driver's License Information System for each driver license applicant before issuing a license to that applicant." 23 C.F.R. § 1327.5(b)(1). The Federal regulation goes on to state

---

committed an error of law or an abuse of discretion." *Negovan v. Dep't of Transp., Bureau of Driver Licensing*, 172 A.3d 733, 735 n.4 (Pa. Cmwlth. 2017).

4

that "[t]he issuance of a license includes but is not limited to any original, renewal, temporary, or duplicate license that results in a grant or extension of driving privileges in a participating State." *Id.* The Department maintains that this Court has repeatedly held that this Federal law requires the Department to perform an NDR inquiry prior to issuing a renewed license. *See*, *e.g.*, *Haubert v. Dep't of Transp., Bureau of Driver Licensing*, 124 A.3d 360 (Pa. Cmwlth. 2015) (concerning a license application and stating that "Federal law requires [the Department] to check the NDR prior to the issuance or renewal of a Pennsylvania driver's license"); *Flynn v. Dep't of Transp., Bureau of Driver Licensing*, 3 A.3d 758, 760-61 (Pa. Cmwlth. 2010) (stating same for license renewal application).

As this Court stated in the March 5, 2019 Decision, "the statute, [F]ederal regulation, and precedent upon which the Department relies is only persuasive if this Court agrees with the Department's initial characterization of Licensee's December 4, 2018 request, *i.e.*, that such request constituted a second application for driver's license renewal." March 5, 2019 Decision at 7. We do not.

In the instant matter, the Department issued Licensee a driver's license in the form of a temporary internet license on October 4, 2018, prior to the suspension of his license in Ohio, which did not occur until 12 days later on October 16, 2018.[3] Thus, as of October 4, 2018, Licensee was a properly licensed Pennsylvania driver who needed only to follow the appropriate process to trade in his temporary license – his camera card – for a permanent photo license.[4] Therefore,

---

[3] We note that, pursuant to Section 73.3(b)(1) of the Department's regulations, a camera card may be carried and displayed as a valid Pennsylvania driver's license for a period of 60 days from the date of its validation by the Department. 67 Pa. Code § 73.3(b)(1).

[4] The Department concedes this fact. *See* Department's Brief at 14.

5

at that point, the only statutorily required process necessary for Licensee to receive a duplicate license was for Licensee to furnish satisfactory proof of the loss of his license and pay the appropriate fee to receive a duplicate license.[5] *See* 75 Pa.C.S. § 1513(a). Once Licensee complied with those two statutory requirements, the Vehicle Code mandated that the Department issue Licensee a duplicate license. *Id.* Thus, we find that Licensee's application for a duplicate license renewal camera card merely sought replacement of a previously issued license and did not trigger the Department's license renewal process a second time.

Further, Licensee's request for a duplicate license renewal camera card did not trigger the NDR inquiry required by Federal regulations. At the time he sought a duplicate license renewal camera card, Licensee was a duly licensed driver in the Commonwealth. His duplicate application did not seek "a grant or extension of driving privileges" he did not already have. 23 C.F.R. § 1327.5(b)(1). As such, Licensee's request for the issuance of a duplicate for his lost camera card did not seek "[t]he issuance of a license" and did not trigger the NDR check required by Federal regulations. *See id.*

While we acknowledge the Department's reliance on *Haubert* to argue the Federal regulation requirement applies to the instant matter,[6] we find *Haubert* distinguishable because it concerned an original application for a Pennsylvania driver's license, which would have *granted* privileges, as opposed to an already-licensed Pennsylvania driver merely seeking a duplicate of a lost license, as is the case in the instant matter. *See Haubert*. The same distinction is true for *Flynn*,

---

[5] No dispute exists regarding the sufficiency of Licensee's proof of loss of license or his willingness to pay the appropriate duplicate license fee. *See* Department's Brief at 8-9.

[6] *See* Department's Brief at 13-14.

6

which concerned a license renewal application that would have *extended* the driver's privileges. *See Flynn*.

As stated, at the time he sought a duplicate license renewal camera card, Licensee was a duly-licensed driver in the Commonwealth. Therefore, once Licensee furnished an acceptable excuse for the loss of his license renewal camera card and paid the required replacement fee, the Bureau should have provided Licensee with a duplicate. 75 Pa.C.S. § 1513(a). The trial court did not commit an error of law or an abuse of discretion in sustaining Licensee's appeal.

For the above reasons, we affirm the trial court's order.


_____
CHRISTINE FIZZANO CANNON, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Thomas Linkosky :
:
v. :
:
Commonwealth of Pennsylvania, :
Department of Transportation, :
Bureau of Driver Licensing, : No. 98 C.D. 2019
Appellant :

## O R D E R

AND NOW, this 5th day of December, 2019, the January 17, 2019 order of the Court of Common Pleas of Allegheny County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge