# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Qianjiang Kuojin Van,        :
            Appellant        :
            :
           v.            :     No. 1128 C.D. 2022
            :
City of Philadelphia and        :
EK Multiservice LLC            :     Submitted: August 8, 2025


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE LORI A. DUMAS, Judge
                HONORABLE MATTHEW S. WOLF, Judge


## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                          FILED: October 30, 2025


Qianjiang Kuojin Van appeals to this Court from the Court of Common Pleas of Philadelphia County's (Trial Court) denial of his motion to enjoin the City of Philadelphia (City) from the demolition of a partially collapsed residential structure (Property) on a lot that he owns. Mr. Van argues that the City relied on insufficient evidence when it authorized the structure's demolition, disregarded "unrefuted engineering reports," expedited proceedings unjustly, and ignored administrative remedies that were pending while the matter was before the Trial Court. Also before the Court are (1) the City's Application to Quash, which seeks dismissal of this appeal for mootness, and Mr. Van's Answer thereto; and (2) Mr. Van's "Emergency Application for Leave to File a Supplemental Brief" (Emergency Application). Because the Property has been demolished and the mootness exceptions recognized

by this Court are inapplicable, we grant the Application to Quash, dismiss this appeal, and dismiss the Emergency Application as moot.

## I. Background

The Property was a rowhouse situated at 3427 North 18th Street, Philadelphia, which Mr. Van purchased at a 2016 Sheriff's sale. Van's Br. at iii, Trial Ct. Op. at 1-2. According to Mr. Van, the former owner continued to inhabit the property rent-free for five years after Mr. Van's purchase. *Id*. at 2. Mr. Van himself never lived at the Property. *Id*. at 1-2.

On March 18, 2021, the City's Department of Licenses and Inspections (L&I) received a report from a neighbor of the Property that its rear wall had collapsed. *Id.* In response, L&I issued a Violation Notice and Order to Correct, which instructed Mr. Van to make certain repairs by March 26, 2021, in order to protect the integrity of the Property and of the adjoining row houses. *Id.*; *see also* Original Record (O.R.) at 82 (unpaginated).[1] L&I asserts, and Mr. Van does not appear to dispute, that none of the ordered repairs were done by September 3, 2022, when Mr. Van received another Notice of Violation from L&I. *Id.*; *see also* Reproduced Record (R.R.) at 9.[2] In response to the latter notice and without legal representation, Mr. Van attempted to file an emergency appeal with the City's Board of License and Inspection Review (BLIR); an e-mail reply message from a BLIR employee, sent late in the day on September 9, 2022, informed Mr. Van that the Trial Court, not BLIR, was the appropriate venue for such an emergency appeal. *Id.*

---

[1] The page numbers refer to the pages of the portable document format (PDF) file of the Original Record provided to this Court.

[2] The page numbers of the Reproduced Record provided to this Court omit the lowercase "a" required by Pennsylvania Rule of Appellate Procedure 2173. For the sake of consistency, we refer to the page numbers as they are provided.

Mr. Van, now with the assistance of counsel, filed a Complaint and Emergency Petition for a Preliminary Special Injunction (Emergency Petition) in the Trial Court on September 10, 2022. *See* O.R. at 26. Therein, Mr. Van asked the Trial Court to enjoin the City from demolishing the Property, averring that it "pose[d] no immediate threat to the health, safety or welfare of any individuals or pedestrians." *Id.* at 29. Mr. Van sought no other relief through the Emergency Petition. On September 13, 2022, a Trial Court judge presiding over emergency motions issued a stay of demolition until the Trial Court could issue a subseqent order. *Id.* at 144. Following a second emergency filing by Mr. Van, another Trial Court judge issued a temporary restraining order (TRO) enjoining the City from conducting any activity at the Property before a hearing could be held. *Id.*

At a September 19, 2022 evidentiary hearing on the Emergency Petition, the Trial Court heard testimony from Thomas Rybakowski, an L&I official, and from Mr. Van himself through a Mandarin interpreter. *See* R.R. at 2-3. Mr. Rybakowski explained that he had visited the Property on several occasions, most recently on September 16, 2022, and that none of the ordered repairs appeared to have been made at that time. *Id.* at 17; *see also* Supplemental Reproduced Record (S.R.R.), Item No. 2, Inspection Photographs. In addition, Mr. Rybakowski noted that Mr. Van had applied for 5 permits to perform work on the Property in the previous 14 months, and that all either expired or were cancelled when it was discovered that no work was being done. *Id.* at 15. Mr. Van did not dispute Mr. Rybakowski's assertions in his testimony but asserted that he had recently been afflicted with COVID-19 and glaucoma, which made progress on repair work difficult. *Id.* at 10. Counsel representing Mr. Van informed the Trial Court that he had received an

engineering report that he wished to submit into evidence, but conceded that the report's author was unavailable to testify. *Id.* at 4.

At the conclusion of the September 19, 2022 evidentiary hearing, the Trial Court ruled from the bench that the Emergency Petition would be denied; an order to that effect was entered the following day. *See* Van's Br. at 1, Order in Question. In an opinion issued on August 14, 2023, the Trial Court explained that Mr. Van "was given numerous opportunities to make the property safe and has consistently failed to make such repairs." Trial Ct. Op. at 9. By contrast, the Trial Court found that Mr. Rybakowski testified "credibly and convincingly" that the Property was in dangerous condition, that Mr. Van had ample notice of the repairs needed, and that Mr. Van failed to follow through on those repairs despite having been granted several work permits. *Id.* at 5.

Mr. Van appealed to this Court from the September 20, 2022 order of the Trial Court. *See* O.R. at 137. However, Mr. Van did not request a stay of that order or other interim relief, and the City contends in its Brief that the Property was demolished in late September 2022; Mr. Van does not dispute that assertion.

## II. Discussion

We review a lower court's grant or denial of injunctive relief for an abuse of discretion. *Summit Towne Ctr., Inc. v. Shoe Show of Rocky Mount, Inc.*, 828 A.2d 995, 1000 (Pa. 2003). Under this standard, the appellate court does not inquire into the merits of the controversy but examines the record only to determine if there was any apparently reasonable ground for the lower court's action. *Mazzie v. Commonwealth*, 432 A.2d 985, 988 (Pa. 1981). "Only if it is plain that no grounds exist to support the decree or that the rule of law relied upon was palpably erroneous or misapplied" will the lower court's decision be disturbed. *Id.*

4

Instantly, Mr. Van raises numerous issues before this Court, which involve not only the Trial Court's factual determinations but what he contends were procedural missteps and violations of his constitutional rights as well. In response, the City asserts that the matter is moot, as Mr. Van sought the preliminary injunction of a demolition that has already occurred. The City further asserts the Trial Court's order should be affirmed even if we reach the merits of Mr. Van's appeal, since his "pattern of delay and avoidance clearly demonstrated that he could not be trusted to remedy" the Property's dangerous defects "in a timely fashion." City's Br. at 24. In its Application to Quash, the City points out that the Trial Court's order "did not assess any costs [against Mr. Van] or order a demolition lien against the Property"; thus, no relief is possible. Appl. to Quash at 2. Through his Answer to the Application to Quash, Mr. Van contends that the matter is not moot because the Trial Court lacked subject matter jurisdiction to act in the matter, and because the demolition order "continues to produce real and ongoing consequences, including exposure[] to fines and penalties." Ans. to Appl. to Quash at 1-2 (unpaginated).

We agree with the City that the instant appeal is facially moot. It is well settled that an actual case or controversy must exist "at all stages of review, not merely at the time the complaint is filed." *Driscoll v. Zoning Bd. of Adjustment of the City of Phila.*, 201 A.3d 265, 268-69 (Pa. Cmwlth. 2018). When the occurrence of an event renders the requested relief impossible, the appeal shall be dismissed. *Taylor v. Pa. Bd. of Prob. & Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2001). Here, Mr. Van's Emergency Petition sought only one form of relief, which was to enjoin the City from demolishing a structure that no longer exists.

As Mr. Van correctly suggests, there are limited exceptions to our doctrine of mootness, which permit a court to consider technically moot issues "where the

5

conduct complained of is capable of repetition yet likely to evade review, where the case involves issues important to the public interest or where a party will suffer some detriment without the court's decision." *Harris v. Rendell*, 982 A.2d 1030, 1036 (Pa. 2009). Yet, neither of the purported exceptions asserted by Mr. Van gives us any reason to consider the merits of his appeal. First, the contention that the Trial Court lacked subject matter jurisdiction is irrelevant to the mootness question.

Second, Mr. Van fails to establish any real and ongoing consequences that would warrant consideration of the merits of this case. To the extent that he seeks to defend himself from "fines and penalties," Ans. to Appl. to Quash at 1-2, we reiterate that the Trial Court awarded the City neither of those things. While the City may continue to pursue such claims in the Trial Court or some other venue, it is well settled that injunctive relief "is a temporary remedy that cannot serve as a final adjudication on the merits." *Phila. Local Fire Fighters' Union, Local 22, Int'l Ass'n of Fire Fighters, AFL-CIO v. City of Phila.*, 901 A.2d 560, 565 (Pa. Cmwlth. 2006). The Trial Court's decision consequently has no preclusive effect on future proceedings.[3] *See Brayman Constr. Corp. v. Dep't of Transp.*, 30 A.3d 560, 562 n.4 (Pa. Cmwlth. 2011) (explaining that "the 'law of the case' doctrine has no application to a preliminary injunction proceeding"). Mr. Van is thus free to mount his defense in such a dispute notwithstanding the Trial Court's denial of the Emergency Petition.

---

[3] Even if the Trial Court's order is not necessarily binding on subsequent proceedings, Mr. Van contends, there is the danger that the order "unfairly distorts the factual baseline in those proceedings." Ans. to Appl. to Quash at 2 (unpaginated). We disagree that Mr. Van's speculative concern warrants an exception to mootness principles in this case. *See PennEnvironment v. Dep't of Env't Prot.*, 333 A.3d 52, 63 (explaining that speculation about an event's occurrence "at some future time does not constitute an actual existing controversy").

### III. Conclusion

For the foregoing reasons, we dismiss Mr. Van's appeal of the Trial Court's September 20, 2022 order.

_____
MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Qianjiang Kuojin Van,  :
          Appellant  :
            :
          v.  :   No.  1128 C.D. 2022
            :
City of Philadelphia and  :
EK Multiservice LLC  :

## **O R D E R**

AND NOW, this 30th day of October 2025, the City of Philadelphia's Application to Quash is GRANTED, and Qianjian Kuojin Van's appeal from the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter, entered September 20, 2022, is hereby DISMISSED as moot.

Mr. Van's "Emergency Application for Leave to File a Supplemental Brief" is DISMISSED as moot.

_____
MATTHEW S. WOLF, Judge