J-A19020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JAMES D. SCHNELLER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELIZABETH CAVANAUGH-KERR, | : | No. 3459 EDA 2018 |
| MARJORIE ZITOMER | : | |

Appeal from the Order Entered, September 6, 2018,
in the Court of Common Pleas of Chester County,
Civil Division at No(s):  No. 06-10119.

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:        **FILED OCTOBER 07, 2019**

James D. Schneller appeals, *pro se*, from the order striking his notice of adverse possession, which he filed with Chester County's recorder of deeds in 2005.  His notice encumbered certain property to which Elizabeth Cavanaugh-Kerr holds record title.  Upon learning of the notice in 2018, Ms. Cavanaugh-Kerr filed a motion to strike it.  Because she erroneously filed her motion in the above-captioned, previously discontinued lawsuit, the trial court lacked jurisdiction to enter the order in question.  We are therefore constrained to vacate that order.

The facts of this long-running family feud are fairly straightforward.  Mr. Schneller resided in his family's homestead with his mother, until her death in 2002.  That property is currently subject to his notice of adverse possession.

_____
*   Former Justice specially assigned to the Superior Court.

Mr. Schneller's sister, Marjorie Zitomer, served as executrix of their mother's estate, and she petitioned the orphan's court for possession of and title to the property. Ms. Zitomer won that round of the legal battles, and the court decreed that:

> a Permanent Injunction be entered forbidding James D. Schneller from bringing any suit or other legal action against any owner which challenges the rightful title to or peaceful enjoyment of 131 Hunter's Lane [*i.e.*, the property at issue].

***In re Estate of Marjorie C. Schneller***, T.C. No. 1502-0612 (C.C.P. Chester 2004).

Shortly thereafter, Ms. Zitomer sold the property to Ms. Cavanaugh-Kerr. Despite the court's command, Mr. Schneller then recorded a notice of adverse possession challenging Ms. Cavanaugh-Kerr's title to the land in 2005. A year later, in an attempt to recoup his mother's estate, Mr. Schneller filed the above-captioned lawsuit, which alleged eleven counts. In light of the 2004 injunction, the trial court dismissed Ms. Zitomer from the case. Several years later, Mr. Schneller filed a praecipe to discontinue his complaint against Ms. Cavanaugh-Kerr.

At the time, Ms. Cavanaugh-Kerr had no knowledge of Mr. Schneller's notice of adverse position encumbering her land. She attempted to sell it in 2018. A title search uncovered Mr. Schneller's notice; thus, the title company blocked the sale.

Ms. Cavanaugh-Kerr moved the trial court to declare the notice null and void and strike it from the recorder's indices. For reasons not apparent in the

record, instead of filing a petition to commence a new proceeding, she filed a motion as a part of Mr. Schneller's discontinued suit. The trial court ignored this procedural irregularity and ordered the Recorder of Deeds of Chester County to strike the notice.

Mr. Schneller filed a motion for reconsideration, which the court denied. This timely appeal followed.

In his brief, Mr. Schneller raises two issues: (1) whether the trial court erred as a matter of law when it ordered the recorder to strike his notice of adverse possession and (2) whether the trial court violated the Due Process Clauses of both constitutions by denying him a hearing on the motion to strike. **See** Schneller's Brief at 14. We address only the first issue, because its resolution moots the second question.

In the argument supporting his first issue, Mr. Schneller claims, among other errors, that the trial court exercised jurisdiction it no longer possessed. "There is express lack of subject matter jurisdiction in this matter, because [Ms. Cavanaugh-Kerr] is not even a party to this case; the prothonotary dismissed her (**see** Docket Entry for PARTY ENDED at 12/22/2006), as ordered . . . all of this causing a need [for her] to file a separate action." **Id.** at 26.

Ms. Cavanaugh-Kerr does not counter this argument in her brief. Nor does the trial court explain its assertion of jurisdiction over a case that has been closed for six years.

Questions of subject matter jurisdiction are non-waivable, and this Court may raise them *sua sponte*. As the Supreme Court of Pennsylvania has said:

> Jurisdiction over the subject matter is conferred solely by the Constitution and laws of the Commonwealth. The test for whether a court has subject matter jurisdiction inquires into the competency of the court to determine controversies of the general class to which the case presented for consideration belongs. Thus, as a pure question of law, the standard of review in determining whether a court has subject matter jurisdiction is *de novo*, and the scope of review is plenary. Whether a court has subject matter jurisdiction over an action is a fundamental issue of law, which may be raised at any time in the course of the proceedings, including by a reviewing court *sua sponte*. Further, subject matter jurisdiction may not be conferred by consent of the parties and a defect of such jurisdiction may not be waived.

*In re Administrative Order No. 1-MD-2003*, 936 A.2d 1, 5-6 (Pa. 2007) (citations omitted).

Once a plaintiff voluntarily discontinues a civil action, this Court has held that the matter ends and the trial court loses jurisdiction. In *Motley Crew, LLC v. Bonner Chevrolet Co., Inc.*, 93 A.3d 474 (Pa. Super. 2014), *appeal denied*, 104 A.3d 526 (Pa. 2014), this Court stated "[t]he general effect of a discontinuance is to terminate the action without an adjudication of the merits and to place the plaintiff in the same position as if the action had never been instituted." *Id.* at 476 (citations omitted). When this occurs, "there no longer is an action pending before the trial court. It is self-evident that if there is no action pending before a court, there is no matter over which a court can or may exert jurisdiction." *Id.* *See also Camp Horne Self Storage LLC v. Lawyers Title Insurance Corp.*, 150 A.3d 999 (Pa. Super. 2016) (holding

that the trial court only has jurisdiction to enforce a settlement agreement if the plaintiff has not yet discontinued the case).

Here, the trial court entered an order in an action that no longer existed, because Mr. Schneller had discontinued it by praecipe years ago. Accordingly, the Court of Common Pleas of Chester County lacked jurisdiction to entertain Ms. Cavanaugh-Kerr's motion in a closed case. The court therefore also lacked jurisdiction to enter an order striking the notice of adverse possession, in the now-defunct matter.

That order was null and void *ab initio*.[1]

Order vacated.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/19

---

[1] We express no opinion on the merits of Mr. Schneller's notice of adverse position. Thus, Ms. Cavanaugh-Kerr may start a new action to adjudicate its validity by filing a petition to strike the notice with Mr. Schneller named as the respondent. We also express no opinion on whether Mr. Schneller's filing of the notice violated the 2004 injunction from the orphan's court.